## PLANTERS' BANK OF TENNESSEE vs. DAVIS.

[REAL ACTION UNDER CODE.]

1. *Construction of deed.*—A deed of gift, by which a mother conveys lands to her married daughter, "for her sole and separate use, behoof and benefit, exclusive and independent of the property and contracts of her husband, and unto her heirs and assigns forever;" and containing a reservation, or stipulation on the part of the daughter and her husband, both of whom executed the deed with the grantor, to the effect that the grantor, "for and during the term of her natural life, may have, use, occupy and enjoy the before conveyed premises, free and exempt from payment of rent, impeachment for waste, and all and every other charge for the possession, improvement, or use of the said premises,"—reserves a life estate to the grantor, with a vested remainder in fee in the daughter.
2. *When husband is entitled to curtesy in wife's lands.*—Where lands are conveyed during coverture to the separate use of the wife in fee, and the deed reserves a life estate to the grantor, the husband does not, on the death of the wife living the grantor, become tenant by the curtesy.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. WILLIAM M. BROOKS.

THIS action was brought by the appellant, against Nicholas Davis, Jr., to recover certain premises in Huntsville, known as "The Grove," of which the defendant was in possession, and which the plaintiff claimed by purchase at sheriff's sale under execution against Bartley M. Lowe. The premises in controversy belonged to Dr. James Manning, who died in 1841, devising them to his widow, Mrs. Sophia Manning. Mrs. Manning went into possession under the devise, and, on the 5th November, 1841, conveyed the premises by deed of gift to her daughter, Mrs. Sarah P. S. Lowe, then the wife of Bartley M. Lowe, "to have and to hold unto the said Sarah P. S. Lowe, for her sole and separate use, behoof and benefit, exclusive and independent of the property and contracts of her husband, the said Bartley M. Lowe, and unto her heirs and assigns forever." The deed also contained a stipulation on the part of Lowe and his wife, in these words: "And the said Sarah P. S. Lowe, jointly with

her husband, the said Bartley, and with his consent, done and signified by his signing with her these presents, doth agree and consent, that the said Sophia Manning may have, use, occupy and enjoy the before conveyed premises, for and during the term of her natural life, free and exempt from payment of rent, impeachment for waste, and all and every other charge for the possession, improvement, or use of the said premises." · This deed was executed by Mrs. Manning, and by Lowe and wife; and was acknowledged by the parties on the 17th November, 1841.

Mrs. Lowe died in 1845, and Mrs. Manning in 1853. Lowe and wife had children born alive of their marriage, both before and after the execution of Mrs. Manning's deed; one of whom is now the wife of the defendant. Lowe is still in life. The plaintiff, having obtained a judgment against said Lowe, in February, 1847, had an execution issued thereon in September, 1855, and levied on the premises in controversy; and at the sheriff's sale in January, 1856, became the purchaser, and obtained the sheriff's deed.

On these facts, the court charged the jury, that the plaintiff was not entitled to recover; to which charge the plaintiff excepted, and which is now assigned as error.

WALKER, CABANISS & BRICKELL, for appellant.—It is contended that Lowe, on the death of his wife, became tenant by the curtesy, and thus had a life estate subject to sale under plaintiff's execution. Three of the constituents of tenancy by curtesy—viz., marriage, the birth of issue alive capable of inheriting, and the death of the wife—are undisputed. Was the fourth constituent wanting? In other words, is actual seizin of the wife during coverture necessary to constitute the husband tenant by the curtesy?

It was unquestionably the law of England, at an early day, that to entitle the husband to an estate in his wife's realty, as tenant by the curtesy, he must have been actually seized of the land, in right of his wife, at some time during the coverture.—Co. Litt. 29. This principle was the result of the ancient law of disseizin, which made the

disseizin of the tenant of the freehold operate to divest his estate, and reduce it to a mere right. At common law, the possession of the lessee for years was always held a sufficient seizin to constitute the husband tenant by curtesy; the reason being, that the possession of the lessee was the possession of the wife.—Clancy on Husband and Wife, 182. The reason of the common law, making seizin indispensable to curtesy, was, that livery of seizin was necessary to the transfer of a freehold estate by deed, and an entry by the heir or devisee was necessary to perfect his title to such an estate; consequently, unless the wife, or the husband in her right, was actually seized, her issue could never, *as her heirs*, inherit the land.—3 Bac. Abr. (Bouvier's ed.) 11; 2 Bla. Com. 128. Or the principle may be thus stated: An estate of inheritance alone entitling the husband to curtesy, actual seizin was necessary, because the heir, claiming by descent, must derive his title from the person last seized; consequently, if the wife was not seized, the heir could not inherit from her; and thus one of the requisites of the husband's title—viz., issue that could inherit the estate from the wife—was wanting.—1 Roper on Husband and Wife, mar. 7. The foundation of the rule is thus stated, and the doctrine fully discussed, in Davis v. Mason, 1 Peters, 506; 5 Cowen, 74; 3 Hill, (N. Y.) 184; 2 Cushman, 276; 4 Day's (Conn.) R. 298.

The English courts, in modern times, have modified the rule of the common law, and hold a constructive seizin during coverture sufficient to perfect the husband's title as tenant by the curtesy.—DeGrey v. Richardson, 3 Atk. 469; Sterling v. Penlinton, 3 Eq. Cas. Abr. 730. Even at common law, a seizin in law was sufficient to give curtesy in all inheritances created without entry.—3 Bac. Abr. 12; 5 Cowen, 74, 98. And the English courts have held the husband to be tenant by the curtesy of an equity of redemption, because the fee could not be in abeyance, and must be in the mortgagor until foreclosure.—5 Madd. 248; Clancy's H. & W. 188.

In this State, a freehold in lands, to take effect *in futuro*, may be created without livery of seizin, where the deed

reserves to the grantor a life estate in the premises; and such reservation will be construed into a covenant to stand seized to the use of the grantee.—Simmons v. Augustin, 3 Porter, 69, 91. Under our statute of uses of 1812, (Clay's Digest, 156, § 35,) which was in force when the deed in this case was made, the possession of Mrs. Manning was the possession of Mrs. Lowe; the deed created a freehold, to take effect *in futuro ;* the reservation of the life tenancy to Mrs. Manning operating as a covenant to stand seized to the use of Mrs. Lowe. There never was, in this country, any reason for the principle of livery of seizin. Our lands were always held in *allodium,* and never in fee, as the term was originally used. Nor was an entry ever necessary, with us, to perfect the title of an heir or devisee. The most common instrument of conveyance is a deed of bargain and sale, which, without the aid of a statute of uses, transfers both the legal and the equitable estate. Indeed, a mere quit-claim deed, or release, is sufficient, even where the releasee has no prior interest in the land. It is, therefore, an application merely of a common-law principle to say, that a seizin in law is sufficient, in this State, to confer curtesy.

What is seizin in fact, or in deed? It is the actual possession of the land, by one's self or tenant, accompanied with the estate in reversion, for life or in fee. 1 Tucker's Com. 57. By this deed, the inheritance is in Mrs. Lowe. If there was a life estate in Mrs. Manning, created by the covenants of Lowe and wife in the deed, the proof shows that she was in possession, and had such seizin as (according to this definition) would support the remainder. But, if Mrs. Manning's life estate is not created by the covenants of Lowe and wife, but is reserved to her, livery of seizin to her was not necessary, as she was already in; and when the tenant for life is in by livery of seizin, which is seizin in fact, her possession is that of the remainder-man.—6 Ala. 350; 1 Tucker's Com. 126. The estate of inheritance is in Mrs. Lowe, and the use only in Mrs. Manning. The stipulations in favor of the latter simply confer on her the privilege of occupation and pos-

session, and do not amount to a regrant of any property affecting the inheritance.—78 E. C. L. 304.

ROBINSON & JONES, *contra.*—1. The deed of Mrs. Manning conveyed the premises in controversy to the sole and separate use of Mrs. Lowe, and entirely excluded the marital rights of the husband.—Roper v. Roper, 29 Ala. 250; Jenkins v. McConico, 26 Ala. 237; Ozley v. Ikelheimer, 26 Ala. 336; Strong v. Gregory, 19 Ala. 148; Newman v. James, 12 Ala. 19; Brown v. Johnson, 17 Ala. 232; Williams v. Maull, 20 Ala. 721; Gould v. Hill, 18 Ala. 84; Hoot v. Sorrell, 11 Ala. 387; Anderson v. Brooks, 11 Ala. 954. Curtesy is one of the husband's marital rights, and does not attach where his rights are expressly excluded. The rule is not laid down with entire uniformity by different writers; but all concur in the proposition, that it is a question of intention, and that the right of curtesy does not attach where there is an express intention to exclude the marital rights of the husband.—4 Kent's Com. 31; Hilliard on Real Property, vol. 1, p. 329; Crabbe, vol. 2, p. 76, § 1006; Clancy, 191; Bright on H. & W. 137, § 31; Morgan v. Morgan, 5 Madd. 408; Bennett v. Davis, 2 P. W. 316; Roberts v. Dixwell, 1 Atk. 607; Cunningham v. Moody, 1 Vesey, sr. 174; 2 Vernon, 536; 3 Bro. C. C. 404; 14 Sim. 125; 3 Atk. 697; 4 Watts & Serg. 95; 19 Conn. 272; 1 Harris, 267; 2 Harris, 361. The right of curtesy is inconsistent with the interest which a *feme covert* has in her separate estate. She may charge it with debts, sell it, or dispose of it in any other manner, as if she were a *feme sole.* This absolute right of disposition in the wife is incompatible with any right of property in the husband. After birth of issue, the husband becomes tenant by the curtesy initiate, and is entitled to a freehold for life in his own right, which he may sell, or which may be sold under execution against him. 1 Bright on H. & W. 112; Clancy, 185; 1 Co. 558; 24 Miss. (2 Cushm.) 261; 11 Ala. 616; 25 Ala. 152. How can this right in the husband and his creditors co-exist with a separate estate in the wife?

2. The deed reserved a life estate to Mrs. Manning, who survived Mrs. Lowe; consequently, there was no sufficient seizin in Mrs. Lowe, during coverture, to entitle her husband to curtesy. At common law, seizin in fact was necessary to entitle the husband to curtesy—seizin in law was not sufficient; and the reason assigned was, that it was the husband's duty to strengthen the wife's title by possession, and that his failure to do so deprived him of all claim upon the bounty of the law.—4 Kent's Com. 29; 1 Co. 558; 2 Bla. 127; Neely v. Butler, 10 B. Monroe, 48; Varnarsdale v. Fauntleroy's Heirs, 7 B. Monroe, 401. The possession of a tenant for years was deemed the possession of the landlord or reversioner, constituting a seizin in fact in the latter, which entitled the husband to his curtesy.—Carter v. Williams, 8 Ired. Eq. 177; 4 Ohio, 271. The rule has been relaxed, in some cases, so far as to allow curtesy in wild and uncultivated lands, or unoccupied lands, where there is a seizin in law.—Jackson v. Sellick, 8 John. 268; Davis v. Mason, 1 Peters, C. C. 503; Jackson v. Johnson, 5 Cowen, 74; Wells v. Thompson, 13 Ala. 803; Borland's Lessee v. Marshall, 2 Ohio St. R. 308. In some of these cases the decision is placed on the ground of a constructive possession in fact; in others, that a seizin in law is sufficient; and in others, that the reason of the common-law rule does not apply in this country. But amidst this conflict of decisions, and contrariety of opinion, no case has yet held a present seizin unnecessary: all concur in requiring a present seizin—a seizin during coverture—whether it be actual, constructive, or legal. No case can be found, in which curtesy was allowed to the husband upon a right to the mere fee or inheritance, without a right to the present possession. "A man shall not be tenant by the curtesy of a bare right, title, use, or of a reversion, or of a remainder expectant upon an estate of freehold, unless the particular estate be determined or ended during the coverture."—1 Co. 559; Clancy on H. & W. 186; 2 Bla. Com. 127; 4 Kent, 29; Stoddard v. Gibbs, 1 Sumner, 270; Tayloe v. Gould, 10 Barbour, 400; Jackson v. Johnson, 5 Cowen, 74; Carter v. Williams, 8 Ired. Eq. 177; 12 B. Monroe, 433. There is no

material distinction between the seizin which entitles the husband to curtesy and that which entitles the wife to dower; and the wife has never been held entitled to dower in a vested remainder or reversion upon a freehold estate, where the life estate did not terminate during the life of the husband.—7 Mass. 253; 5 N. H. 240, 469; 4 Ired. Eq. 265; 23 Pick. 80; 1 Barb. S. C. 504; 1 Barb. Ch. 598; 1 Paige, 634; 2 Serg. & R. 554; 1 Leigh, 30. Mrs. Manning's deed reserves to herself a life estate, with a vested remainder in fee in Mrs. Lowe.—Golding v. Golding, 24 Ala. 122; 5 Yerger, 149; 20 Johns. 85; 3 Wendell, 233; 13 Ala. 186; 14 Ala. 437; 5 Pick. 181; 10 Pick. 228.

STONE, J.—The deed from Mrs. Manning to Mrs. Lowe reserved a life estate in the former, with a vested remainder in fee in the latter.—Golding v. Golding, 24 Ala. 122; Mackey v. Proctor, 12 B. Monroe, 433; Doe v. Croft, 78 Eng. Com. Law, 323; Jackson v. McKinney, 3 Wend. 233; Scott v. Baber, 13 Ala. 186; Jackson v. Swart, 20 Johns. 85; Jackson v. Dumbagh, 1 Johns. Cas. 91; Jackson v. Staats, 11 Johns. 351.

If it be conceded that this deed must be construed as a covenant by Mrs. Manning to stand seized to the use of Mrs. Lowe, this does not in the least impair the life estate of the grantor. This implied covenant to stand seized is but a legal fiction, called into being as a precedent estate to support the remainder, and does not import a present actual or constructive seizin (possession) in the remainder-man. Such remainder-man is not the " person for whose use, or in trust for whose benefit, another is seized of lands," within section 9 of the act of 1812.—Clay's Dig. 157, § 36. The use and trust contemplated by this section, are a present vested use and benefit; a present right to the usufruct.

The question we are considering comes under section 8 of the act of 1812.—Clay's Dig. 156, § 35. That section, omitting the parts which are not pertinent to this case, reads as follows: " In all cases,   *   *   by deed operating by way of covenant to stand seized to use, the possession

of the bargainor, releasor, or covenantor, shall be deemed·
* * to be transferred to the bargainee, releasee, or per-
son entitled to the use of the estate, *or interest which such
person hath or shall have in the use,* as perfectly as if such
bargainee, releasee, or person entitled to the use, had been
enfeoffed, with livery of seizin, of land intended to be
conveyed by the said deed or covenant." This section
transfers the possession or seizin, only to the extent that
the grantee *hath or shall have an interest in the use ;* and as
the interest of Mrs. Lowe was only in remainder, this
statutory or constructive seizin could operate to no greater
extent.

As Mrs. Lowe died long before the act of 1812 was
superseded by the Code, it is perhaps unnecessary that we
should consider to what extent this question is affected
by the latter compilation of laws. If material, however,
it is clear that Mrs. Manning's life estate would be pro-
tected under section 1329 of the Code, which reads as fol-
lows: "The grantor in any conveyance may reserve to
himself any power beneficial, *or interest,* which he may
lawfully grant to another."—See, also, 4 Kent Com. (8th
ed.) 551; Bedell's case, 7 Coke 633.

It being thus shown that Mrs. Manning had a life estate
in these lands which did not determine during the life-
time of Mrs. Lowe, the rule applies in all its force, which
declares, "if there be an outstanding estate for life, the
husband cannot be tenant by the curtesy of the wife's
estate in reversion or remainder, unless the particular
estate be ended during the coverture."—4 Kent's Com.
(8th ed.) 28; Stoddard v. Gibbs, 1 Sumner, 263; 1 Roper's
H. & W. 9, *et seq. ;* 1 Bright on H. & W. 119; Mackey v.
Proctor, 12 B. Monroe, 433; Tayloe v. Gould, 10 Barb.
Sup. Ct. 400; 2 Tuck's Com. 57; Eldridge v. Forrestall,
7 Mass. 253; Blood v. Blood, 23 Pick. 80; Shoemaker v.
Walker, 2 Serg. & Rawle, 554; Weir v. Humphries,
4 Ire. Eq. 279; Fisk v. Eastman, 5 N. H. 240; Dunham
v. Osborn, 1 Paige, 364.

Having thus shown that one of the essential elements
in every title by curtesy—viz., seizin, either actual or
41

· constructive, at some time during the coverture—is wanting in this case, we need not consider any other question presented by the record.

The judgment of the circuit court is affirmed.