# Proctor *v.* Scharpff

*Bill in Equity by Executor praying Construction of Will.*

80　227
99　57

1. *Personal trust under will; when executor invested with.*—Where the testatrix appointed her husband as the executor of her will, giving him a life-estate in all the property, with remainder to their children, giving also to him a discretionary power to sell and re-invest, and relieving him from giving bond; *held*, that a personal trust was created, which did not attach to the executorial office, but was limited to the donee of the power.

2. *Same; construction of will.*—The husband having executed a deed conveying to the remainder-men, in consideration of love and

[Proctor v. Scharpff.]

affection, his life-estate in the property,, but expressly reserving to himself the power to sell and re-invest as conferred by the will, with power to collect and disburse the rents without liability to account; whatever may be the effect of the provision as to the rents, the power of sale or disposition is unaffected by the conveyance.

3. *Infant defendants to the bill; measures for protection of.*—The husband having filed a bill in equity, asking the instructions of the court as to the validity and extent of his powers, and making the children defendants, the infants thereby become wards of the court, whose duty it is to protect their interests; and the complainant should be required to report to the court, for confirmation, any sale made by him, and may be required, if necessary, to give bond for a faithful re-investment of the proceeds of sale.

APPEAL from the City Court of Birmingham.

Heard before Hon. H. A. SHARPE.

The bill in this cause was filed on the equity side of said court by Christian Scharpff, the husband of Mary Scharpff, deceased, and the executor of her last will and testament. By said will the testatrix devised all her property, both real and personal, to her husband "to be owned and controlled by him during his life" and allowing him "free latitude to use and manage the same according to his judgment during his life; and at his death my estate, and all property, either directly or indirectly the proceeds of it, to become and be the property equally of the children of myself and said Scharpff by our marriage." The bill was filed for the purpose indicated in the opinion, the children of the complainant and his testatrix (who were all minors with the exception of M. H. Proctor) being made defendants. The remaining facts are sufficiently stated in the opinion.

JAMES J. GARRETT, for appellants.

R. H. STERRETT, *contra.*

CLOPTON, J.—There can be no question, that the will of Mrs. Scharpff invests the complainant, who was her husband, with ample power to sell or dispose of her real estate. A large and extraordinary power is conferred, the exercise of which may promote, or ruinously affect the rights and interests of the remaindermen. The will exempts the executor from giving bond as such. The wife reposed unlimited confidence in the integrity and prudence of her husband, and relied on his parental affection to protect the interests of their children. The exercise of the power is discretionary, and requires judgment in the matter of re-investment as well as of sale or other disposition. It is a personal trust, limited to the donee of the power, and does not attach to the executorial office. *Perkins*

[Proctor v. Scharpff.]

*v. Lewis*, 41 Ala. 644; *Tarver v. Haines*, 55 Ala. 503; *Mitchell v. Spence*, 62 Ala. 450.

The will devises to the donee of the power a life-estate in the realty with remainder to the children of the testatrix. On November 11, 1884, after the probate of the will, the complainant executed a deed, conveying, in consideration of love and affection, all his right, title, and interest in and to the real and personal property to the remaindermen, being his life estate. The deed reserves all the rights privileges and powers as to the sale or exchange or re-investment of the property, given to complainant by the will, and the further right to rent the property, collect the rents and disburse them, as he may see proper, without liability to account to any one for the manner in which they are disbursed or paid out. Where a person, seized in fee, conveys the premises by deed to another, reserving their use, occupation, and enjoyment, exempt from payment of rent, or other charge for the possession and use, during the life of the grantor, the legal effect is to reserve a life-estate in the grantor with a vested remainder in fee in the grantee. *Planter's Bank v. Davis*, 31 Ala. 626. If, in such case, the reservation of the use and occupation is without limitation, it is inconsistent with and repugnant to the estate created by the conveyance, and therefore void. *Scott v. Baker*, 13 Ala. 182.

For the purposes of this case, it is unnecessary for us to consider and decide, whether the reservation in the conveyance of the right to receive and disburse the rents is in trust and for the use of the children, with unlimited discretion as to the manner of disbursement for their benefit, without liability to account therefor; or whether the reservation is for the use and benefit of complainant, and therefore repugnant to the estate conveyed. In either view, it may be that such conveyance would operate a destruction of a power of sale or other disposition, if such power was not expressly, or by clear implication reserved. The conveyance expressly reserves all the rights, priviledges, and powers as to the sale, or exchange of the property, and re-investment, given to the grantor by the will of Mrs. Scharpff. The force and effect of the reservation are the same, and if the powers conferred by the will were recited *in totidem verbis* in the deed. The complainant's powers of sale or other disposition, remain unimpaired and unaffected by the conveyance.

The complainant, as trustee, invokes the construction and direction of the court as to the validity and extent of his power. All the remaindermen are infants and are made parties to the bill. By the institution of such suit, the infants become wards of the court, and the court has the power to ex-

[Street v. Nelson.]

ercise over them and their estate a general superintendence and control. In the answer of the only adult defendant, it is stated, that the real and personal property, devised by the will, is the only dependence of the children for a support; and by the answer of the guardian *ad litem*, the infants "commend themselves and their rights" to the protection of the court, and ask that no decree be made to their prejudice. No sale of the property can be made, in pursuance of the power, for any purpose, other than of reinvestment—the property acquired either by exchange or purchase to be treated under the provisions of the will, as a part of the original estate of the testatrix. If there should be a well founded apprehension of the loss or waste of the proceeds of sale, the children would have the right to apply to the court to require of the trustee a bond to secure the proper re-investment of such proceeds. In such case, and under such circumstances, the court having acquired jurisdiction, should take the rights and interests of the infants under its supervision. *Lee v. Lee*, 55 Ala. 590; *Dunham v. Millhouse*, 70 Ala. 596. The trustee should have been required, by the decree, to report to the court for its confirmation any sale or exchange of the real property made by him, and also the re-investment of the proceeds of sale, to the end, that the court may ascertain that the interests of the infants are fully protected.

The decree will be amended in this respect, and as amended, affirmed.