# Graves *v.* Wheeler.

## *Ejectment.*

(Decided February 13, 1913. 61 South. 341.)

1. *Wills; Nature; Deed or Will.*—The instrument in this case examined, and held not to indicate an effort to postpone its operation until the grantor's death, but the interest conveyed was a present, vested one, and the instrument was therefore operative as a deed and was not testamentary.

2. *Deeds; Conflicting Provisions; Construction.*—The granting clause of a deed will prevail over introductory statements in conflict therewith, and over the habendum clause also, if that clause is contradictory of or repugnant to the granting clause.

3. *Same; Estate Conveyed.*—Where an estate in fee is granted to a person by proper and sufficient words, a clause in the deed which is in restraint or alienation is void and will be rejected.

4. *Same; Construction.*—Where the granting clause in a deed does not expressly designate the estate conveyed and there is nothing in the other parts of the deed to indicate that it was intended to convey a less estate such deed will pass a fee simple under section 3396, Code 1907; if the other clauses indicate the nature and character of the estate conveyed there is no room for the operation of the statute.

5. *Same; Vested Remainder.*—The conveyance considered and it is held that under it the wife took a life estate in the property only, with the vested remainder to the husband's lawful children, who took as purchasers from their father under the deed, and not subject to the contingency that they survived their mother.

[Graves v. Wheeler.]

6. *Fraudulent Conveyance; Validity; Reservation to Grantor.*— The deed considered and held not void under section 4287, Code 1907, as to subsequent purchasers, since such section protects only existing and subsequent creditors and does not include purchasers.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Ejectment by H. T. Graves against A. Wheeler. Judgment for defendant and plaintiff appeals. Reversed and remanded.

The plaintiff claims as the only heir of his father and mother, W. D. Graves and Rebecca Graves. The father died about 27 or 28 years prior to April, 1912, and the mother died May 12, 1909. The following is the deed made by William D. Graves to his wife, Rebecca C. Graves, dated April 8, 1873: "For and in consideration of the mutual love and affection, I have for my wife, Rebecca C. Graves, and for the further consideration of $5.00, I do hereby, grant, bargain, sell, confirm and convey unto my said wife, Rebecca C. Graves, the following property. (Here follows the description of the property sued for, together with the lot of other property both real and personal.) It is also expressly understood that at the death of my said wife, all of the aforementioned property shall be divided equally between my lawful children; I also reserve to myself the absolute right to manage and control the aforesaid property so long as I may live without the liability to account to my said wife or to her administrators or assigns for the same. I hereby appoint James M. Graves as trustee for my said wife." Plaintiff also introduced a deed signed by W. D. Graves, R. E. Graves, and J. M. Graves, as trustees, to Jesse H. Dickson, conveying the land sued for, of date October 27, 1877. It was agreed that Dickson mortgaged the property in 1892, and that the mortgage was foreclosed in 1897, and

that Wheeler, the defendant here, purchased at said mortgage sale, and is now in possession. The deed from Graves to his wife was recorded in the probate office on the 12th day of May, 1873. The deed to Dickson was recorded February 24, 1887.

W. M. Blakey and Hill, Hill, Whiting & Sterne, for appellant. The instrument was not a will; title and possession are immediate and there is no effort to postpone the operation of this conveyance.—*Elmore v. Mustin,* 28 Ala. 309; *Daniel v. Hill,* 52 Ala. 490; *Hall v. Burkam,* 59 Ala. 321; *Rice v. Rice,* 68 Ala. 215; *Trawick v. Davis,* 85 Ala. 342; *Abney v. Moore,* 106 Ala. 131; *Woodruff v. Hundley,* 127 Ala. 640. Where the granting clause conveys the whole estate any other inconsistent and repugnant reservation is void.—*Webb v. Webb,* 29 Ala. 588; 13 Cyc. 678. Where the reservation is doubtful it will be construed in favor of the grantee. —*Jacobs v. Roach,* 161 Ala. 201; *Strauss v. Sheriff,* 9 South. 102; 13 Cyc. 676. The deed conveyed a life estate to the wife with a remainder over to the children. —13 Cyc. 663; *Wolff v. Loeb,* 98 Ala. 426; *Griffin v. Marsh,* 86 Ala. 302.

Hugh Nelson, for appellee. The only question involved is as to the effect of the instrument executed by W. D. Graves on April 8, 1873. It is more like a will than anything else.—*Bibb v. Freeman,* 59 Ala. 612; 1 Redfield on Wills, section 2. The subsequent provisions retaining control in the husband if rejected as repugnant would prevent the words referring to the death of the wife and the distribution of the property among the children from having any operation.—*Petty v. Booth,* 19 Ala. 640; *McMillan v. Craft,* 138 Ala. 156; *McCombs v. Stephenson,* 154 Ala. 109; *Dickson v. Van*

*Hoose,* 157 Ala. 456. The following cases discuss the interpretation of words of inheritance, purchase, limitation, etc.—*Deason v. Stone,* 166 Ala. 49; *DeBardelaben v. Dickson,* 166 Ala. 59; *Terry v. Hood,* 172 Ala. 40. The words used are equivalent to retaining the reversion in the grantor and if his children take it must be by inheritance in him, and their rights and interests were cut off by a prior conveyance by the father and the mother.—*Due v. Woodwood,* 151 Ala. 136. Finally the instrument was void under sections 4287 and 4293, Code 1907.—*Gilliland v. Fenn,* 90 Ala. 230; *Sandlin v. Robbins,* 62 Ala. 477. This applies to subsequent purchasers.

ANDERSON, J.—The instrument executed by Graves to his wife and children is unquestionably a deed and not a testamentary document. There is no effort to postpone the operation of same until the death of the grantor, and the interest conveyed is not posthumous.—*Mays v. Burleson, infra,* 61 South. 75; *Elmore v. Mustin,* 28 Ala. 309; *Sharp v. Hall,* 86 Ala. 110, 5 South. 497, 11 Am St. Rep. 28; *Trawick v. Davis,* 85 Ala. 342, 5 South. 83; *Hall v. Burkham,* 59 Ala. 349.

In the construction of a deed the object is to carry out the intention of the parties, especially that of the grantor; but the intention must, if possible, be gathered from the language used in the instrument submitted for construction, and that, when it can in this way be ascertained, arbitrary rules are not to be sought. If, on the other hand, two conflicting intentions are expressed, there is no alternative but to construe the deed by these rules, even though they may be denominated arbitrary.—*Dickson v. Van Hoose,* 157 Ala. 465 47, South. 718, 19 L. R. A. (N. S.) 719.

One of the rules of construction is that the granting clause in a deed prevails over introductory statements in conflict therewith, and over the habendum also, if that clause is contradictory of, or repugnant to, said granting clause.—*Head v. Hunnicutt,* 172 Ala. 48, 55 South. 161; *Webb v. Webb,* 29 Ala. 588. Therefore, when the granting clause provides for a certain or specific estate, and the character or nature of said estate is changed or lessened by some interlocutory clause, or by the habendum, there would be a conflict or repugnancy, and the granting clause should prevail.

"Where an estate in fee simple is granted to a person, by proper and sufficient words, a clause in the deed which is in restraint of alienation is void and will be rejected."—*Hill v. Gray,* 160 Ala. 273, 49 South. 676.

On the other hand, when the granting clause does not expressly designate the estate conveyed, and there is nothing in the other parts of the deed to indicate the estate intended to be conveyed, it would no doubt be a fee-simple estate, under the terms of section 3396 of the Code of 1907; but, if the other clauses indicated the nature and character of the estate conveyed, there would be no room for the operation of the statute.

Applying these rules to the deed in question, the granting clause does not explain or define any particular estate granted, and, if the other parts of the instrument did not do so, the statute would pronounce it a conveyance of a fee-simple estate; but the description is succeeded by the following parenthetic clause: "(It is also expressly understood that at the death of my said wife, all of the aforementioned property shall be equally divided between my lawful children)." This was a definition of the estate intended for the wife, and was not repugnant to the granting clause, which ex-

[Graves v. Wheeler.]

pressed no particular estate or interest granted to her, and plainly shows that the grantor intended that she should have only a life estate, with a remainder to his lawful children, and who took as purchasers under the deed. It is also manifest that the grantor intended a vested remainder in all of his lawful children, and did not make it contingent upon the survival of their mother, and the law favors vested, rather than contingent, remainders, where such a construction can be given an instrument without doing violence to the intention of the grantor.

The grantor reserved unto himself the right to manage and control the property during his life, which is permissible under the law, and which did not impair the validity of the instrument, or defeat the grant to his wife and children.—13 Cyc. 670; *Planters' Bank v. Davis,* 31 Ala. 626. Nor did this reservation render the deed void as to subsequent purchasers under the terms of section 4287 of the Code of 1907, as that section protects only existing or subsequent creditors, and does not include purchasers, as do some of the other sections of the Code.

The trial court erred in rendering judgment for the defendant, and in not rendering a judgment for the plaintiff for his moiety in the land, which would be an undivided half interest, if the sister who died in 1873, or shortly afterwards, left no issue. If she was living when the deed was made, and left descendants, they would be entitled to one-third, and the plaintiff to one-third, and the two children of the other sister to one-third. If the first sister died before the deed was made, or left no heirs other than the plaintiff and the other sister, then the plaintiff was entitled to an undivided one half, and the children of the last sister to die, to the other half.

We do not think that the plaintiff took the entire property, because he was the only child to survive the mother, under the influence of *Smaw v. Young,* 109 Ala. 528, 20 South. 370, as the remainder there was to the survivor of the expiration of the previously granted estate.   Here there is no such limitation.

Reversed and remanded.   All the Justices concur.