(95 South. 180)

### REYNOLDS v. REYNOLDS et al.
### (7 Div. 307–307A.)

(Supreme Court of Alabama. Dec. 14, 1922. Rehearing Denied Jan. 25, 1923.)

**I. Wills ⬤⟿540—Devise of reversion in fee held defeasible only by death without issue before death of life tenant.**

Where a will devised the real property to the widow for life, and after her death to be divided among the testator's five children, with a provision that, if one of the children should die childless, his or her share should be divided among those living, the reversion was given in fee to the children, subject to be divested in the event of the death of any of them before the death of the life tenant, but did not make it subject to being defeated by the death of a child after the death of the life tenant.

**2. Descent and distribution ⬤⟿82—Conveyance by heirs held to convey undivided interest absolutely.**

Where a deed executed by five of the six children of the decedent conveyed to the sixth child, who had received nothing under the will, an undivided one-sixth interest in the property, the latter received an absolute fee in such interest, though the deed recited a purpose to give that child an interest equal to that of the others, and the interests of the others were subject to being divested by their death without issue during the life of their mother.

**3. Deeds ⬤⟿97 — Granting clause determines interest conveyed.**

The granting clause in a deed determines the interest conveyed. and, unless there is repugnancy, obscurity, or ambiguity in that clause, it prevails over introductory statements or recitals, and over the habendum if they are contrary to it.

Gardner and Miller, JJ., dissenting.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Bill by Julia G. Reynolds against Walker Reynolds, Thos. J. Reynolds, Gibson Reynolds, Jessie A. Finley, Amelia Harris, Wm. T. Harris, and Willie Higgins (mortgagee of Walker Reynolds), with cross-bill by Amelia T. Harris and Wm. T. Harris. From a decree dismissing the original bill and the cross-bill, the original complainant and the cross-complainants appeal. Reversed, rendered, and remanded on direct appeal; affirmed on cross-appeal.

Knox, Acker, Dixon & Sims, of Talladega, for appellants.

The intention to be sought is that which is expressed in the deed, and not a secret unexpressed intention of the parties, existing at the time of execution. 18 C. J. 254; 2 Devlin on R. E. 1515; 8 R. C. L. 1035; 89 Ala. 273, 7 South. 663; 171 Ala. 485, 54 South. 604; 206 Ala. 648, 91 South. 618. If two clauses of a deed are so repugnant that they cannot stand together, the first must prevail over the last; but the granting clause will control an introductory recital as to the interest intended to be conveyed. 29 Ala. 588; 18 C. J. 268. In the granting and warranty clauses of the deed, an undivided sixth interest was granted to J. F. Reynolds, and the decree dismissing the original bill was error. In construing wills, the rule is that all estates created by will become vested, unless there is a provision to the contrary clearly defined in the will. Thompson on Wills, 227, 627; 190 Ala. 491, 67 South. 273. An absolute title to the remainder vested in the children named, and the cross-bill was erroneously dismissed. 63 Ala. 448; 96 Ala. 162, 11 South. 372, 19 L. R. A. 839; 129 Ala. 528, 29 South. 925; 206 Ala. 675, 91 South. 606.

Rushton & Crenshaw, of Montgomery, for appellees.

The estate taken under the will by Henry P. Reynolds was divested by his prior death without children. 129 Ala. 528, 29 South. 925; 202 Ala. 164, 79 South. 644; 205 Ala. 523, 88 South. 651. The rule contra proferentem applies only to deeds of bargain and sale. 157 Ala. 466, 47 South. 718, 19 L. R. A. (N. S.) 719; 68 Ala. 548; 189 Ala. 314, at page 320, 66 South. 677. The rule that the granting clause will prevail over other clauses in a deed is a rule of last resort, applicable only where there is an irreconcilable repugnance between the clauses, so that it is impossible to discover with anything like

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

certainty the intention of the parties. 23 Ala. 813; 154 Ala. 200,.45 South. 296; 12 L. R. A. (N. S.) 957, note; 24 L. R. A. (N. S.) 514, note; 130 Va. 224, 107 S. E. 735, 18 A. L. R. 441; 4 Strob. (S. C.) 208; 40 Vt. 16, 94 Am. Dec. 363. The rule that deeds must be construed according to the intention of the parties even before the statute, prevailed over all other rules of construction. Blackstone, Ch. 23, Book 11, 379; 23 Ala. 813; 154 Ala. 90, 45 South. 60; 188 Ala. 565, 66 South. 43; 181 Ala. 349, 61 South. 959; 197 Ala. 18, 72 South. 359; 191 Ala. 322, 68 South. 157. As a rule, where the character or description of an estate as conveyed in an instrument is at all ambiguous, and such instrument mentions some other paper in connection therewith for a more particular description of the property conveyed, or the title thereto or its character, courts will refer to the latter instrument and be guided thereby in ascertaining either the description of the property or the estate conveyed. 189 Ala. at page 320, 66 South. 677; 8 L. R. A. (N. S.) 1038, note.

MILLER, J. Mrs. Julia G. Reynolds, appellant, files this bill of complaint in equity against Walker Reynolds and others, to sell for division among the joint owners certain real estate therein described, on the ground that it cannot be equitably partitioned among them.

The bill alleges complainant owns an undivided one-sixth interest in it, and the respondents own the other five-sixth interest, stating the exact interest of each respondent in the land. Two of the respondents file answer in the nature of a cross-bill. They are Amelia Harris and William T. Harris. They admit complainant owns one-sixth interest, and aver they each own an undivided one-twelfth interest in the real estate, and request that the property be sold for division among the joint owners. The respondents, who are alleged in the original and cross bill to be joint owners with complainant and the cross-respondents in the real estate, answer and deny that complainant and the two cross-respondents own the interest in the real estate as alleged. They aver and claim that the complainant, Mrs. Julia G. Reynolds, and the cross-respondents, Amelia Harris and William T. Harris, own no interest in or title to this real estate.

On final hearing on pleading and proof the court held that neither complainant nor the cross-respondents were entitled to the relief sought, and the original bill and cross-bill were dismissed by a decree of the court and complainant was taxed with three-fourths and the cross-respondents with one-fourth of the costs of the court. This appeal is prosecuted from that decree. The decree dismissing the original bill and taxing complainant with three-fourths of the cost is assigned as error by complainant, Mrs. Julia G. Reynolds, and the decree dismissing the cross-bill and taxing them with one-fourth of the cost is assigned as error by Amelia Harris and William T. Harris.

The bill must aver and the proof must show that the complainant is a joint owner of or tenant in common in the land sought to be sold; the former, the averment, to give the equity court jurisdiction of the cause, and the latter, the proof, to give the court right to grant relief. The same principle is applicable to the allegations of this cross-bill, and the proof to maintain it. Section 5231, Code 1907; Roy v. Abraham, 207 Ala. 400, 92 South. 792.

The complainant in the original bill and the respondents in the cross-bill aver facts making them joint owners or tenants in common in the land with the other owners thereof named as defendants. This gave the court jurisdiction of the original and cross cause of action; but the court held by its decree that the proof did not sustain the averments of either the original or cross bill; that neither the complainant nor the cross-respondents owned any interest in or title to the land. The pleading put in issue the title of complainant and the cross-respondents to any interest in the real estate; and it could be settled and determined in this cause. Section 5231, Code 1907; Roy v. Abraham, 207 Ala. 400, 92 South. 792.

All of the alleged joint owners or tenants in common claim title to their respective interests in the land through the will of Thomas H. Reynolds, deceased, and the complainant claims title to her interest also under a deed or written instrument. The complainant's title depends on the construction of the will and the deed; and the cross-respondents' title depends on the construction of the will. The deed or instrument was signed by the sons and daughter of Thomas H. Reynolds, who were remembered in his will, to Jordan F. Reynolds, a son, who was disinherited by the will.

Thomas H. Reynolds died on October 29, 1892. He left a will. It was duly probated. There survived him, his widow, Mrs. Elizabeth A. Reynolds, and his six children, viz. Mrs. Jessie A. Finley, Thomas J. Reynolds, Walker Reynolds, Henry P. Reynolds, Gibson Reynolds, and Jordan F. Reynolds. The third paragraph of the will, on the construction of which depends the title of Mrs. Amelia Harris and William T. Harris, the cross-respondents, to an interest in the land, reads as follows:

"Thirdly—It is my will and desire that all my personal property shall belong absolutely to my beloved wife, Mrs. Elizabeth A. Reynolds, to use, control, sell and dispose of as she may wish; and it is my will and desire that all my real estate shall belong to my beloved wife, Mrs. Elizabeth A. Reynolds for and during her

natural life, and upon her death that the same shall be equally divided between these dear children Mrs. Jessie A. Finley, Thos. J. Reynolds, Walker Reynolds, Henry P. Reynolds and Gibson Reynolds and should any of the above-named children die childless then in that event his or her share in my estate shall be divided among those living of the above-named children."

This will gives to the widow all the personal property, absolutely. It gives to her (Mrs. Reynolds, the widow) all of his real estate for and during her natural life. By the will the real estate belongs to her during her life. The will directed upon her death, at the falling in of the life estate, upon the death of the widow, that the real estate shall be equally divided between the five children named; "and should any of the above-named children die childless, then in that event, his or her share in my estate shall be divided among those living of the above-named children." Did the testator intend to state, should any of the above-named children die childless before the death of the testator, or did he intend to state, should any of the above-named children die childless before the death of the life tenant, or did he intend to state, should any of the above-named children die childless at any time after the death of testator, "then in that event, his or her share in my estate should be divided among those living of the above-named children"? Which did he intend of these three alternatives?

All of the six children and the wife were living at the death of the testator. The division of the real estate was to be made upon the death of the life tenant, the widow. It was to be divided among the five children named. The will then also provided:

"Should any of the above-named children die childless, then in that event, his or her share in my estate shall be divided among those living of the above-named children."

The will does not state, should any of the above-named children die childless before the death of the testator, or before the death of my wife, or before the falling in of the life estate, or before the division of the real estate, "then in that event, his or her share in my estate shall be divided among those living of the above-named children." None of the children had any share in his estate until after his death. His death and the will fixed the share of the children in his estate. So he evidently was not referring to those children who might not survive him and die childless. All of the children were living at his death. It does say, "should any of the above-named children die childless." When? At any time after his death seems to be the only natural and the real intended meaning of the testator. Should any of the five "children die childless, then,

in that event"—in the event any one dies childless at any time after the death of the testator—his or her share of my estate shall be divided among those living of the five named children. This interpretation of the will appears more clearly to be the intent and desire of the testator, when we consider the next paragraph of the will, which disinherits one of the six children because large advancements had already been made to him, and the testator stated: "It is my will and desire that he shall not receive any more of my property." This paragraph or section of the will follows the other, and reads:

"Fourthly—Having made large advancements already to my son Jordan F. Reynolds, it is my will and desire that he shall not receive any more of my property."

Any other interpretation of the will than the foregoing would do violence to the intent and expressed desire of the testator. It would have permitted this son Jordan F. Reynolds, contrary to the intent of the testator and contrary to the express will and desire of the testator, to inherit from a sister or brother a part of his father's property should any of them die childless. So the testator evidently intended, "should any of the above-named children die childless" at any time after the death of the testator, "then his or her share of my estate shall be divided among those living of the above-named children." The testator was endeavoring by the will to so devise his property that his son Jordan could secure no more of it. The will should be construed to express and declare the intent of the testator.

This will created a life estate and remainder interest in the land. The life estate vested in the widow during her natural life; the remainder interest vested equally in the five children named; but it vested in them in equal parts, one-fifth to each, subject to be divested at any time by his or her death without children. Smaw v. Young, 109 Ala. 528, 20 South. 370; Gunter v. Townsend, 202 Ala. 164, 79 South. 644; Fowlkes v. Clay, 205 Ala. 523, 88 South. 651; Bingham v. Summer, 206 Ala. 266, headnotes 2 and 3, 89 South. 479.

Mrs. Elizabeth A. Reynolds, the widow and life tenant, died February 18, 1921. Henry P. Reynolds, one of the five children named in the third paragraph of the will, died after his father, the testator. and before his mother, the life tenant. He left no children—died childless. He by will, which was duly probated, gave and devised all of his property to his wife, Mrs. Rose Harris Reynolds. She died without children, intestate, and left surviving her as her next of kin her mother, Mrs. Amelia Harris, and a brother, William T. Harris. They are complainants in the cross-bill. They own no interest in the land in this cause. They claim an undivided one-

sixth interest, as above stated, through Henry P. Reynolds, deceased. The estate taken by Henry P. Reynolds under the will of Thomas H. Reynolds, deceased, was divested by his death without children. The court did not err in dismissing this cross-bill of these respondents, Mrs. Amelia Harris and William T. Harris, as they have no estate or interest in the land sought to be sold for division. Section 5231, Code 1907; Roy v. Abraham, 207 Ala. 400, 92 South. 792; Smaw v. Young, 109 Ala. 528, 20 South. 370; Gunter v. Townsend, 202 Ala. 164, 79 South. 644; Fowlkes v. Clay, 205 Ala. 523, 88 South. 651.

Julia G. Reynolds, the complainant in the original bill and appellant, is the widow of Jordan F. Reynolds, the son of Thomas H. Reynolds, who was disinherited by the fourth section of the will of his father. Jordan F. died childless in 1916, after the death of his father, and before the death of his mother, the life tenant. He willed all of his property to the complainant, his widow; and the will was duly probated. The complainant avers that he (Jordan F. Reynolds) owned and by the will devised to her an undivided one-sixth interest in this real estate. The ownership of this interest in the real estate is claimed through this instrument made to Jordan F. Reynolds by his brothers and sister. The parts necessary to be considered read as follows:

"State of Alabama, Talladega County.

"This indenture made and entered into this the 30th day of November, 1892, by and between Walker Reynolds, Thos. J. Reynolds, and Gibson Reynolds of Montgomery, Alabama, Henry P. Reynolds of Newark, N. J., all of whom are unmarried men; and Jessie A. Finley and Thos. Finley her husband of Atlanta, Georgia, parties of the first part, and Jordan F. Reynolds of Talladega county, Alabama, party of the second part, witnesseth:

"That whereas, the parties of the first part were the sole devisees of the real and personal property of Thos. H. Reynolds under his last will and testament, which on, to wit, the 26th day of November, 1892, was filed by Walker Reynolds in the office of the judge of probate in Talladega county, Alabama, for probate and record as such last will and testament;

"And whereas, but for such will, the party of the second part would have been an heir to the real and personal property of the estate of the said Thos. H. Reynolds, deceased, he being one of the six children of the said Thos. H. Reynolds, and in the absence of such will, being entitled to one undivided one-sixth interest in said real and personal property;

"And whereas, the party of the second part was disinherited by said will of said Thos. H. Reynolds, and whereas, said will has not been admitted to the probate record;

"And whereas, the parties of the first part, being the brothers and sister of the party of the second part, in consideration of their natural love and affection for him, desire him to have an equal interest in said real and personal property, belonging to the said estate with each of them;

"Now, therefore, the parties of the first part, in consideration of the premises, and in the further consideration of the sum of one dollar to each of them in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey unto the party of the second part, an undivided one-sixth interest in and to all the real and personal property, debts, choses in action, promissory notes, of every kind and description belonging to the said Thos. H. Reynolds at his death, or to his estate since his death; the real property being more particularly described as follows, to-wit: * * * To have and to hold unto the party of the second part, his heirs and assigns in fee simple forever.

"And the parties of the first part do warrant and will forever defend the title to the above-described property excepting the part conveyed by Thos. H. Reynolds and wife unto the party of the second part, his heirs and assigns from and against the lawful title, claim or demand of any and all persons whomsoever; except however, that the lands and personal property above described are charged by law with the payment of the debts of the said Thos. H. Reynolds, deceased, and the costs of administration of said estate, and the same is conveyed subject to the lien which is fastened by law upon said property for the payment of said debt and costs. It being understood that the portion of the party of the second part is to bear only an undivided one-sixth interest of said debt and cost."

In construing this deed the end desired is to ascertain the true intention and meaning of the parties, especially the grantors, from the words used, after a fair consideration of the whole instrument, in connection with the circumstances and situation of the parties and their object in view at the time (Hamner v. Smith, 22 Ala. 433; Porter v. Henderson, 203 Ala. 312, 82 South. 668); "the modern rule being that the intention of the parties when ascertained will prevail over all technical rules of construction" (18 C. J. p. 252, § 197, headnote 22, and page 267, § 224; Graves v. Wheeler, 180 Ala. 415, 61 South. 341; Dickson v. Van Hoose, 157 Ala. 459, 47 South. 718, 19 L. R. A. [N. S.] 719). It is the duty of courts in the construction of conveyances in writing to seek to ascertain and to give effect to the intention and meaning of the parties. We are so enjoined by the statutes in this state. Sections 3416, 3356, Code 1907; Manfredo v. Manfredo, 191 Ala. 326, 68 South. 157.

Thomas H. Reynolds died on October 29, 1892; he left a widow and six children; he left a last will and testament; it was filed for probate on November 26, 1892; it was duly probated and recorded on the 19th of December, 1892; it disinherited Jordan F. Reynolds, one of his six children, and gave the reason therefor, that he had already re-

ceived large advancements. This is not denied. This deed (above set out) was executed to him November 30, 1892, after the will was filed to be probated. Five of the children signed it. The widow did not sign it. The ages of the five children, the grantors, ranged from 16 to 30 years at the time, and the grantee was about 24 years old. All of the grantors and the grantee knew of the will. It is mentioned in the first whereas clause in the conveyance. This clause in the deed states the grantors, the five children, are the sole devisees of the real and personal property in the will; the granting clause conveys an undivided one-sixth interest in the personal and real property; and the warranty clause warrants the title to the personal and real property. This does not state the facts. The five children, the grantors in the deed, by the will receive no personal property. It is devised absolutely to the widow. The real estate was devised to the widow during her life, and the reversion vested in the grantors, the five children, equally, subject to be divested by death without children. Did they intend to convey to their brother, who was disinherited because he had already received large advancements from the father, more than they were securing by the will? The granting, habendum, and warranty clauses of the will so declare; but we must look at the whole instrument and the circumstances surrounding the parties, particularly the grantors, and get their object and intent and desire by this conveyance. This clause, this paragraph, this whereas in the conveyance, points clearly and unerringly at the heart of the intent and desire of the grantors and their object in view in making this deed:

"And whereas, the parties of the first part, being the brothers and sister of the party of the second part, in consideration of their natural love and affection for him, desire him to have an equal interest in said real and personal property, belonging to the said estate with each of them."

As brothers and sister with him, bound together by blood, love and affection, do they desire him to have more than they? No. Less than they? No. But they desire him to have an "equal interest" in said real and personal property belonging to the estate "with each of them." They desire him to stand equally with them, under the will of their common father, in participating in the devise made to them; they desire him to have an equal devise under the will with them; and they desire and intend to give him a one-sixth interest in the reversionary of the real estate with them, with it subject, like with them, to be divested by his death, if he died childless. This seems to be the clear intent of the parties—all the parties;

the grantors and the grantee—in the conveyance. It is supported and sustained by the interpretation given it by the acts of the parties after its execution and delivery. Their construction of it, by their acts afterwards, can be looked to by the court to aid in arriving at the true intent of the parties in construing a deed like this one. Hall v. Long, 199 Ala. 97, 74 South. 56. It was not recorded until 1916, nearly a quarter of a century after its execution. The widow took absolutely all of the personal property as the will directed. She used and disposed of it as she desired. No attempt by word or act by any of the parties was made to interfere with her disposition, consumption, and use of it. The widow from the death of Thomas H. Reynolds in 1892 until her death in 1921 had the possession, control, use of the real estate and the income from it. No attempt was made by the grantee or the grantors in the conveyance to disturb her enjoyment of it, as the will directed. The grantors and the grantee in the deed recognized the will, her and their rights under it until her death, and it tends to interpret and declare the intent of the parties in making the deed. It was intended to be made by them in the light of and under the will; to make the grantee in the deed, their disinherited brother, have the same equal rights in the property under the will as the grantors, no more, no less; all six to be equal devisees, with the interest of each subject to be divested by death without children, as the will provided.

Jordan F. Reynolds died in 1916, before the life tenant, without any children, "died childless." He left a widow, the complainant in the original bill, and by will he devised to her all of his property, and it was duly probated. He had no interest in and no title to the real estate involved in this suit that he could will to her. His interest in that property was divested by his death without children. So, the complainant, Mrs. Julia G. Reynolds, his widow, owns no interest or estate in the land sought to be sold for division. She is not a joint owner or tenant in common in this land sought to be sold by the bill; she cannot maintain this suit; and the court did not err in dismissing the bill of complaint filed by her. Section 5231, Code 1907; Roy v. Abraham, 207 Ala. 400, 92 South. 792; Smaw v. Young, 109 Ala. 528, 20 South. 370; Gunter v. Townsend, 202 Ala. 164, 79 South. 644; Fowlkes v. Clay, 205 Ala. 523, 88 South. 651.

PER CURIAM. All the Justices concur in the conclusion reached by Justice MILLER that the cross-respondents, Mrs. Amelia Harris and William T. Harris, have no interest in the land, and the decree dismissing their cross-bill should be, and is, affirmed.

[1] None of the Justices concur with Jus-

tice MILLER in full in his interpretation of the will of Thomas H. Reynolds, deceased. Chief Justice ANDERSON and Justices McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and THOMAS are of the opinion, and hold under the will, Mrs. Elizabeth A. Reynolds had a life interest during her natural life in all of the real estate, and the reversionary interest in this real estate vested, one-fifth in each, in the five children mentioned and remembered in section 3 of the will, subject to be divested out of any one of them by his or her death, without children, prior to the falling in of the life estate—that is, prior to the death of Mrs. Elizabeth A. Reynolds; and the survivors at her death take the whole interest in the land, a fee-simple title to it. Burleson v. Mays, 189 Ala. 107, 66 South. 36.

[2, 3] None of the Justices, except Justice GARDNER, concur with Justice MILLER in his construction of the deed, and in his conclusion that the complainant, Mrs. Julia G. Reynolds, the widow of Jordan F. Reynolds, the disinherited son, has no interest in the land, and that part of the decree so holding is by the court reversed, and one here rendered declaring she owns an undivided one-sixth interest in the land. Chief Justice ANDERSON and Justices McCLELLAN, SAYRE, SOMERVILLE, and THOMAS maintain and hold that the granting clause in the deed conveys to Jordan F. Reynolds an undivided one-sixth interest in all of this real estate; that this granting clause will control as to the interest intended to be conveyed; that it is supported by the habendum and warranty clauses in the conveyance; and that a contrary recital in the deed cannot control over the plain words of the granting part of the conveyance. They rest their opinion and base their conclusion on this rule in Dickson v. Van Hoose, 157 Ala. 466, 47 South. 720, 19 L. R. A. (N. S.) 719:

"The granting clause in a deed determines the interest conveyed, and that, unless there be repugnancy, obscurity or ambiguity in that clause, it prevails over introductory statements or recitals in conflict therewith, and over the habendum, too, if that clause is contradictory of or repugnant to it."

These Justices hold this is the correct rule of interpretation to be applied to this deed, which they claim is supported by the following authorities in this state: Webb v. Webb, 29 Ala. 588; Porter v. Henderson, 203 Ala. 312, 82 South. 668; Head v. Hunnicutt, 172 Ala. 48, 55 South. 161; Graves v. Wheeler, 180 Ala. 416, 61 South. 341, and the authorities cited therein.

The decree dismissing the original bill of complaint is reversed, and one is here rendered declaring complainant owns an undivided one-sixth interest in the land, and the cause in remanded for further proceedings

herein by the trial court in accordance with this opinion.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

GARDNER and MILLER, JJ., dissent.

The decree dismissing the cross-bill is affirmed.

Affirmed.

All the Justices concur in this conclusion. The views and holding of the majority of the court appear in the per curiam opinion.

GARDNER, J. (dissenting). I am in full accord with the majority as to the construction of the will in this case. Burleson v. Mays, 189 Ala. 107, 66 South. 36. I am persuaded, however, that Justice MILLER has correctly construed the deed executed by the heirs to Jordan F. Reynolds on November 30, 1892, and that the intention of the parties to this conveyance was as stated in his opinion. The holding of the majority is rested upon the language of the granting clause, and is to the effect that this clause determines the interest conveyed, and prevails over introductory statements and recitals in conflict therewith. I recognize the force of this position under the former decisions of this court. Dickson v. Van Hoose, 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719. cited in the more recent case of Porter v. Henderson, 203 Ala. 318, 82 South. 668.

In these cases the superiority of the granting clause is helpful as a rule of construction, but all such rules are meant as aids to the court in arriving at the true intent of the parties, and to that end I am persuaded the entire instrument should be looked to and considered in the light of the surrounding facts and circumstances, and the intention of the parties as thus ascertained be declared by the court. The rule is one of construction, and should not be exalted into a rule of positive law, and, as said by the Supreme Court of Vermont in Johnson v. Barden, 86 Vt. 19, 83 Atl. 721, Ann. Cas. 1915A, 1243:

"It must yield to the master rule that the intention of the parties as drawn from the whole deed must govern."

The case of Johnson v. Barden, supra, treats the question rather exhaustively, and fully supports the conclusion I have reached. To like effect is the case of Triplett v. Williams, 149 N. C. 394, 63 S. E. 79, 24 L. R. A. (N. S.) 514, where many authorities are cited in the note. See, also, cases collated in the note to Whetstone v. Hunt, 8 Ann. Cas. 442; 8 R. C. L. 1046. In this latter authority it is said:

"That the modern tendency is to ignore the technical distinctions between the various parts of the deed, and to seek the grantor's intention from them all without undue preference to any."

I forego further discussion, but, being fully convinced from the language of the entire deed, construed in the light of the surrounding facts and circumstances, that the conclusion reached is contrary to the real intention of the parties, I most respectfully dissent.