19 So.2d 449

## McCURDY v. GARRETT et al.

### 3 Div. 422.

Supreme Court of Alabama.

Oct. 19, 1944.

Jos. R. Bell, of Hayneville, for appellant.

Hill, Hill, Whiting & Rives, of Montgomery, for appellees.

BROWN, Justice.

The bill in this case was filed by appellees against appellant to quiet the title to the property described in the bill. The complainants are the widow and heirs at law (five daughters) of C. W. Garrett, deceased. The defendant is a grandson of

said Garrett, the son of complainant Mary Garrett McCurdy. The parties, both complainants and respondent, claim title or an interest in the property under the second item of Garrett's will, which has been duly probated.

The property here involved was acquired by Mrs. Garrett, as executrix with the proceeds of property devised by the will, and sold for reinvestment under the limited power of disposal embodied in the third item of the will.

Item two is: "I hereby give, devise and bequeath to my wife Eva Freeman Garrett all my property, real, personal and mixed, of which I may die seized or possessed, or in which I may be in any way interested, to have and to hold, and the rents and incomes and profits thereof to use and enjoy, during her natural life and widowhood; but upon her death, or should she marry again then all the said property shall vest share and share alike in my children Georgia Garrett, Mary Garrett, Pauline Garrett, Eva Garrett and Nannie Garrett, now living; and such other children as may hereafter be born to me by my said wife, Eva Freeman Garrett. Should any of said children die leaving a descendant or descendants living, then the share of such deceased child, shall go to his or her said descendant or descendants. Should any of said children die without descendant or descendants living then the share of said deceased child shall be divided amongst its surviving brothers and sisters of the whole blood, the said surviving brothers and sisters taking each one share, and descendants of each of such deceased brothers and sisters taking one share."

The contention of appellees is that the widow took a limited estate for life or widowhood, with the right to full enjoyment of the rents and incomes and profits thereof during the existence of said limited estate; and that the five children named in said item took a vested remainder in fee, no other children being born to testator. The contention of appellant is that he has a contingent remainder, the right of enjoyment being postponed until the death of his grandmother and his mother.

 "The settled law is that a will speaks from the death of the testator, and that, in the absence of a clear manifestation of the testator's intent to the contrary, estates shall be held to vest at the earliest possible period. The intent to postpone the vesting of an estate must be clear, and must not arise by mere inference or construction. 'The law will not construe a limitation in a will into an executory devise when it can take effect as a remainder, nor a remainder to be contingent when it can be taken to be vested.' * * *." Duncan v. De Yampert et al., 182 Ala. 528, 62 So. 673, 674.

The primary objects of the testator's bounty, as clearly appeared, were his wife and his five daughters, all of whom are still in life and are his heirs at law. The manifest intent of the testator was to vest in his wife a limited estate for life or during widowhood, to her full enjoyment, with a limited power of disposal for reinvestment or payment of testator's debts, with vested remainder to his five daughters, in the absence of other children born to testator and his wife. White et al. v. Fowler, 245 Ala. 209, 16 So.2d 399; Wilson et al. v. Ward, 224 Ala. 147, 138 So. 826. The contingency in respect to the death of the named devisees connotes a testamentary intent to vest the remainder in the named devisees and to direct the descent according to the law of descent and distribution. So that the complainants named in the bill, all of whom are sui juris, own and hold the entire title to said property and have the right to sell and convey the same; and, so long as they jointly agree, to dispose of the proceeds thereof as they see fit.

The decree of the circuit court, therefore, which concludes to this effect, is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and THOMAS, FOSTER, LIVINGSTON and SIMPSON, JJ., concur.

STAKELY, J., not sitting, having been of counsel.