STEAGALL, Justice.
This appeal involves the construction to be given to a granting clause in a written instrument.
Johnny Salters and Linda Harbin filed this action against James Salters, their brother, for the sale of 791.5 acres of real estate and a division of the proceeds. The plaintiffs alleged each of the three parties owned an undivided one-third interest in the land as the result of an instrument executed by their parents that purported to be a deed. James answered with the contention that the property had passed by *170 their father’s will and not by that earlier instrument and that under the will he took a much greater interest in the land. The trial court entered a partial summary judgment in favor of the plaintiffs and held that the land had passed by deed and that each party owned a one-third interest. The judge then made that judgment final under Rule 54(b), A.R.Civ.P., but has reserved ruling on whether the land should be sold for a division of the proceeds until this Court has ruled in this appeal challenging his determination of ownership.
The only issue is whether the document constituted a conveyance of the property to the grantors for life and then to all three children equally, or whether it simply constituted a conveyance of the property from the grantors to themselves so that the land remained a part of the grantors’ estates upon their deaths.
The document in question states in the granting clause:
“The Grantors, J.V. Salters and wife, Mary Josephine Salters, for and in consideration of Ten and no/100 dollars, and for love and affection, convey and warrant to J.V. Salters and wife, Mary Josephine Salters, grantee[s], the following described real estate, to-wit:
[Description].”
The habendum clause of the document reads:
“To have and to hold the same for and during the natural life of both grantees, and upon the death of both grantees, the property will descend to their children, Johnny Holt Salters, Linda Irving Harbin, and James Comer Salters, and provided that if any child is not living at the death of the life tenants and leaves descendants surviving, said descendants shall take the deceased child’s share per stirpes. If either of the children shall die prior to the death of the life tenants leaving no descendants, then the share of such deceased shall go to the survivor or survivor of the said Johnny Hoyt Salters, Linda Irving Harbin, and James Comer Salters. If either or any of the said Johnny Holt Salters, Linda Irving Harbin, or James Comer Salters, who are children of the life tenant shall die without issue, or descendants of issue surviving then the share shall go to the surviv- or or survivors of the life tenant’s said children, Johnny Holt Salters, Linda Irving Harbin, and James Comer Salters, thereby releasing and waiving all rights of homestead and dower.”
James contends that the granting clause and the habendum clause conflict and that the granting clause prevails over all other clauses in the event of a conflict, relying on Hanners v. Hanners, 262 Ala. 143, 77 So.2d 484 (1955).
This Court has held that “the granting clause in a deed determines the interest conveyed, and unless there is repugnancy, obscurity or ambiguity in that clause, it prevails over introductory statements or recitals in conflict therewith, and over the habendum, too, if that clause is contradictory or repugnant to it.” Slaten v. Loyd, 282 Ala. 485, 487-88, 213 So.2d 219, 220-21 (1968). In the present case, the granting clause clearly and unambiguously conveys an interest only to the grantors. It must be given effect over the habendum clause, because the habendum clause is contradictory or repugnant to the granting clause.
Because of the conflict between the granting and habendum clauses, a question of fact is created as to the intention of the grantors when this instrument was executed. This position is strengthened by the fact that one of the grantors, James Virgil Salters, subsequently executed a will purporting to dispose of the same property in a different manner.[1]
The appellees rely on Graves v. Wheeler, 180 Ala. 412, 61 So. 341 (1912). Graves is clearly distinguishable from the present case. In Graves, the grantor conveyed a present interest in the granting clause to his wife for life with the remainder to the grantor’s children upon her death. Here, *171 no present interest was conveyed to the grantors’ children in the granting clause; rather, the grantors conveyed the property to themselves in the granting clause and in the habendum clause to their children upon the grantors’ death. This is clearly a future conveyance of an interest that passes, if at all, at the- death of the grantors — a testamentary disposition and not a “deed.”
For these reasons, the summary judgment was improper. The judgment of the trial court is, therefore, due to be reversed and the cause remanded.
REVERSED AND REMANDED.
JONES, SHORES, ADAMS and KENNEDY, JJ., concur.
HORNSBY, C.J., and MADDOX, HOUSTON and ALMON, JJ., dissent.

. It does not appear from the record whether Mary Josephine Salters made any purported disposition of the interest she had in the land, either held before, or acquired by, the purported "deed.” The parties raise no issue here regarding that question.