COMMERCIAL CASUALTY INSURANCE COMPANY *v.* CHERRY.

4-3728

Opinion delivered February 25, 1935.

*Walter N. Killough,* for appellant.
*Giles Dearing,* for appellee.

HUMPHREYS, J. Appellee, the owner of a truck and trailer, procured an indemnity insurance policy thereon protecting him against damages which might be recovered from him on account of injuries to other persons, except employees while engaged in his business, and passengers for a consideration, actual or implied. He operated and used his truck upon a plantation, and in the fall for the purpose of transporting negro cotton pickers who lived in nearby towns, to and from his plantation, for the purpose of picking cotton. He charged his negroes nothing for transporting them to and from the plantation, but paid them, as well as all other cotton pickers, at the end of each day, thirty cents per hundred for the amount each picked. Appellee's truck driver

loaded the truck and trailer with pickers at Wynne on the morning of March 21, 1932, but when they arrived at the plantation, it began to rain, and they returned to Wynne without having picked any cotton. The truck was moving rapidly, and in turning a corner in Wynne, the truck and trailer turned over and injured a large number of the pickers. About twenty-three of the pickers sued appellee in the circuit court of Cross County for damages on account of their several injuries, and between them recovered a total judgment against him for $917.30, including costs. They recovered this amount on a second trial after the case had been appealed to this court, reversed, and remanded for a new trial. There were a number of suits, but they were consolidated and tried as one suit. Hon. Giles Dearing was employed by appellee to defend the suits, and did so on the first trial, the appeal to this court, and the retrial after the reversal and remand of the cause. He received some assistance by way of advice from the regular counsel for appellant herein, and by active assistance by them on the second trial. The original suits were for a total of about $17,000 damages.

This suit was brought on the insurance policy or indemnity contract by appellee against appellant for $917.30, including costs, and an attorney's fee of $600, all of which appellee paid.

Appellant filed an answer denying liability on the ground that, at the time the pickers were injured, they were either passengers on the truck and trailer for a consideration, express or implied, or were employees of appellee engaged at the time in some business or occupation for him.

The cause was submitted to a jury upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and judgment against appellant for the amount sued for, from which is this appeal.

The policy or indemnity contract was introduced in evidence and provided for the payment of costs and expenses in addition to damages recovered by parties injured except passengers and employees of appellee.

The facts material to a determination of the main issues of this appeal are set out above.

Appellant contends that under the facts the trial court should have instructed a verdict for it. It asked a peremptory instruction which the court refused to give. It is argued that when the cotton pickers got onto the truck and trailer at Wynne, as a matter of law they immediately became employees of appellee, and were engaged from that moment in his business until they returned to Wynne, or else were his passengers, both out and back, for a consideration, actual or implied. We cannot agree with learned counsel in that contention. The negroes were employed by the day to pick cotton at thirty cents a hundred, and would have been paid at that rate for the cotton picked whether they walked, used their own conveyance, or rode in the truck and trailer to the plantation. There is no direct testimony to the effect that the transportation furnished was part or additional pay for picking cotton. On the day they were injured they picked no cotton, so it cannot be said with certainty that they were either employees that day or engaged in appellee's business. Under the facts, it might be reasonably inferred that they were receiving their transportation as a mere matter of accommodation. They paid nothing that day for their transportation, and there was no binding obligation on them to pick cotton the next day or any day thereafter, so no implied obligation to pay for their transportation by picking cotton could reasonably arise. Under the facts and circumstances, the questions of whether they were employees engaged in appellee's business, or whether his passengers for a consideration, express or implied, or whether invited guests or licensees, were questions for determination by the jury, and those questions were submitted to the jury under correct instructions. This court has ruled that inactive employees on a train were not engaged in the business of the company, and also that passengers on an airship were not participants in aviation within the meaning of like provisions in insurance policies. *Benham* v. *American Central Life Insurance Co.,* 140 Ark. 612, 217 S. W. 462; *Benefit Association Railway Employees* v. *Hayden,*

175 Ark. 565, 299 S. W. 995; *Missouri State Life Insurance Company* v. *Martin*, 188 Ark. 907, 69 S. W. (2d) 1081.

Appellant also contends that the judgment should be reversed, because there was no evidence tending to show that the $600 appellee paid to Mr. Dearing was a reasonable fee for the services rendered to appellee in the defense of the damage suits. The attorney represented appellee in twenty-three damage suits for injuries of different kinds. It is true that they were consolidated and tried as one suit, but there were two trials in the circuit court, and one appeal to the Supreme Court. The total amount sued for was more than $17,000, and the plaintiffs in the damage suits recovered a total judgment of only $917.30, which included a large amount for costs. It may well be said that the suits were successfully defended, so we think the jury was warranted, under the evidence, in finding and returning a verdict for $600 on account of the fee appellee paid Mr. Dearing.

Appellant also contends for a reversal of the judgment, because the court permitted the appellee, over its objection, to testify as follows: "Q. Was there anything said about who would treat the negroes, and who would pay for their treatment? A. Mr. Killough told the doctors to go ahead and treat them."

Mr. Killough was the regularly employed attorney for appellant, and made this statement at the time the negroes were injured and being treated. It is argued that the testimony tended to show an admission of liability on the part of appellant, and that the introduction thereof was in violation of an agreement made between counsel for appellant and appellee called a nonwaiver agreement. The nonwaiver agreement reserves the right of appellant to defend the action regardless of its assistance in the suits of the negroes. The nonwaiver agreement also reserved all the rights of appellee under the policy. Our construction of the nonwaiver agreement is that it precluded neither party from introducing competent proof.

No error appearing, the judgment is affirmed.