174 So. 488

**BISHOP v. SWIFT & CO.**

**1 Div. 954.**

Supreme Court of Alabama.

May 13, 1937.

Rehearing Denied June 3, 1937.

Jesse F. Hogan, of Mobile, for apellant.

Leon G. Brooks, of Brewton, for appellee.

**328**

KNIGHT, Justice.

The bill in this cause was filed by James A. Bishop and Ida Bishop, husband and wife, to enjoin foreclosure of a mortgage executed by them to appellee, Swift & Co., for redemption of the property, and, incidentally, the allowance of a set-off against the mortgage indebtedness.

The demand sought to be set off consisted of certain claimed damages, alleged to have been sustained by the said James A. Bishop, growing out of the breach of a contract he had with appellee for the purchase of fertilizer, and to secure the purchase price of which the mortgage in question was given. The appellee is alleged to be a foreign corporation, but duly authorized to do business in the state of Alabama.

The equity of the bill is not challenged in any of its aspects, nor are we of the opinion that it was subject to demurrer upon any ground. The major purpose of the bill is to effectuate redemption, and incidentally seeks the allowance of a set-off, the complainant offering to pay any balance due on the mortgage debt. The averments of the bill, and relief sought, clearly differentiate this case from the case of Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am.St.Rep. 48, and bring it squarely within the principle stated in our more recent cases of McQuagge Bros., Inc., et al. v. Thrower, 214 Ala. 582, 108 So. 450; Heflin v. Heflin, 222 Ala. 662, 134 So. 20.

The property conveyed by the mortgage belonged to the husband-mortgagor, and the indebtedness was that of the husband, and the wife joined in the execution of the mortgage for the purpose solely of relinquishing dower.

■ Some time after the filing of the bill, the wife died, and her death was suggested. The court ordered the cause abated as to the wife, "her heirs or personal representatives," and directed that the cause should proceed in the name of James A. Bishop, the remaining complainant. This was the proper course to pursue. McCaleb v. Worcester et al., 224 Ala. 360, 140 So. 595.

On final hearing the court refused to allow the complainant his claimed set-off, and, without reference to the register, fixed the amount of the mortgage indebtedness then remaining due and unpaid at the sum of $955.04, which included an allowance of an attorney's fee to appellee of $125. The court allowed the complainant sixty days from the date of the decree within which to pay said indebtedness, and failing in which, the court ordered the cause to stand dismissed.

We have carefully read and considered all the evidence offered and noted upon the hearing, and are of the opinion that the court properly denied relief to complainant as to the asserted set-off.

■■ The evidence is without any sort of conflict that DeWitt Smith, who received from the complainant the order for the fertilizer, was only a traveling salesman with no authority whatever to bind appellee upon any contract of sale; that all orders for goods had to be forwarded to appellee at New Orleans, La., for approval or rejection.

The order in question was in writing and contained the following stipulation:

"Written and printed this agreement is binding only when confirmed in writing by seller at New Orleans, La., and no verbal or written qualifications affecting prices, terms or any other provision whatsoever will be binding unless confirmed in writing by Swift & Company at its offices in New Orleans, La."

The order was not confirmed on its receipt by Swift & Co., as it developed that there was a prior uncanceled mortgage of record against the property, and it was not until this mortgage was satisfied of record that the order was accepted by Swift & Co. No delay whatever was chargeable to Swift & Co. in shipping the fertilizer after the satisfaction of the prior outstanding mort-

gage. The seller received telegraphic instructions of the satisfaction of said mortgage on February 16, 1932, and thereupon promptly confirmed the sale, and shipped the goods.

The complainant accepted the fertilizer, and, so far as appears to the contrary in the evidence, never one time complained of any delay in the shipment, either before or after the goods arrived. The first complaint seems to have been made when the appellee commenced foreclosure proceedings.

The order given appellee's salesman by appellant was nothing more or less than an offer to buy the fertilizer at the prices stated, and on the terms set forth in the written offer. It could not become a binding contract upon either party, until accepted by the appellant. Sturdivant v. Mt. Dixie S., L. & I. Co. et al., 197 Ala. 280, 72 So. 502; Kenan v. Lindsay, 127 Ala. 270, 273, 28 So. 570, 572; Hodges v. Sublett, 91 Ala. 588, 8 So. 800; Horst v. Moses, 48 Ala, 129, 140.

 It is next insisted that the court committed error in including an attorney's fee in the amount it ascertained to be due and owing on the mortgage indebtedness. This insistence must be sustained. There is absolutely no evidence in the case showing, or tending to show, that the appellee had placed the note and mortgage, or either, in the hands of an attorney for collection, prior to the filing of the bill in this cause. It is true the bill avers that the appellee was proceeding to foreclose its mortgage, but it nowhere appears that it was being done by and through an attorney. For aught appearing to the contrary, it was proceeding without the aid of an attorney. The burden was upon the appellee to show that he had incurred an attorney's fee in the attempted collection of the debt, or in the foreclosure proceedings prior to the filing of the bill.

█ It does appear, however, that appellee, after the bill was filed, engaged an attorney, who has represented him throughout this proceeding. However, no cross-bill praying a foreclosure of the mortgage was filed in the cause, and under our uniform ruling the appellee was not entitled to an allowance of an attorney's fee in defending a suit for redemption. Beasley v. Ross (Ala.Sup.) 174 So. 764;[1] Thomas, Supt. of Banks, et al. v. Barnes, 219 Ala. 652, 123

So. 18; Lampkin v. Irwin, 202 Ala. 14, 79 So. 300; Bell v. King, 210 Ala. 551, 98 So. 794; Kelly v. Carmichael et al., 221 Ala. 371, 129 So. 81.

The note and mortgage made no provision for an attorney's fee for defending redemption suit, while they do provide for an attorney's fee in the collection of the notes and foreclosure of the mortgage.

In all other respects, the decree is free from error, prejudicial to appellant.

We will here correct the decree by eliminating the attorney's fee allowed by the court, viz., $125. This will leave the mortgage indebtedness, as of the date of the decree, $830.04 instead of $955.04.

The time allowed by the court for the payment of the mortgage, before a dismissal order should be effective, having passed pending this appeal, it is ordered that the complainant be, and he is hereby allowed ninety days from this date within which to pay appellee the amount above fixed, as still due and owing on said mortgage, together with interest at rate of 6 per centum per annum from December 1, 1936.

As corrected, the decree of the circuit court is affirmed.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

