60 So.2d 857

**GREEN et al. v. JONES et al.**

6 Div. 322.

Supreme Court of Alabama.

Oct. 16, 1952.

McEniry, McEniry & McEniry, Bessemer, for appellants.

Huey, Welch & Stone, Bessemer, for appellees.

684

BROWN, Justice.

This appeal is by plaintiffs from a judgment rendered in favor of the defendants in the statutory action in the nature of ejectment. Code of 1940, Tit. 7, § 938. The plaintiffs are the next of kin and heirs at law of Lee Green, who died intestate in 1944. They are seeking to recover "Lot 1, Block 1, according to the map and plan of Moss & Taylor's Addition, as recorded in the Probate Office of Jefferson County, Alabama, in map book 12, at page 27."

The defendants are the next of kin and heirs at law of Alice Jones who died intestate in 1948.

The suit was filed September 12, 1950. The cause of action is stated in a single count of the complaint, subsequently in statutory form, to which the defendants pleaded the general issue—not guilty.

The evidence is without dispute that the lot in question was owned and occupied by Lee Green in his lifetime and that he on November 13, 1943, made and delivered a deed based on a valuable consideration to Alice Jones. The plaintiffs and the defendants, who were in possession, claim through said deed. We quote the material provisions of the deed:

"That in consideration of Fifty (50) and no/100 Dollars to the undersigned grantor Lee Green, an unmarried man, in hand paid by Alice Jones, the receipt whereof is acknowledged I the said Lee Green, an unmarried man do grant, bargain, sell and convey unto the said Alice Jones the following described real estate, to-wit: 'Lot one (1) in block one (1) according to the map and plan of Moss and Taylor's Addition, as recorded in the Probate Office of Jefferson County, Alabama, in map book twelve (12) on page twenty-

seven (27), situated in Jefferson County, Alabama.

"To have and to hold to the said Alice Jones during her lifetime and upon her death to Lee Green, heirs and assigns forever.

"And I do for myself and for my heirs, executors and administrators covenant with the said Alice Jones her heirs and assigns, that I am lawfully seized in fee simple of said premises that they are free from all encumbrances. That I have a good right to sell and convey the same as aforesaid; that I will and my heirs, executors and administrators shall warrant and defend the same to the said Alice Jones her heirs and assigns forever against the lawful claims of all persons."

At the conclusion of the evidence the defendants requested in writing the affirmative charge, which the court gave to the jury on the theory, as the court stated, that said deed vested in Alice Jones a fee-simple title to the lot which passed to her heirs at her death through the process of devolution.

The plaintiffs, appellants here, contend that the rules governing the interpretation of such instrument require that the court look to the ascertainment of the grantor's intent and that this must be gathered by judicial interpretation from the entire writing. That contention states the applicable rule where there is no irreconcilable conflict between the granting clause and the habendum clause. The authorities have been collected and applied in two recent decisions by this court. Stratford v. Lattimer, 255 Ala. 201, 50 So.2d 420; Henry v. White, ante, p. 549, 60 So.2d 149.

The granting clause in the deed in question purports to convey the entire title to the grantee Jones, while the habendum clause purports to limit the title to a life estate with remainder interest to the grantor Lee Green and his heirs "forever". This is such irreconcilable conflict as requires the application of the rule which gives full effect to the granting clause. Henry v. White, supra, and authorities cited in that opinion. Moreover the concluding clause in the deed containing the covenants are en-.

tirely consistent with the granting clause and are not consistent with the habendum clause. It is, therefore, our conclusion and judgment that the trial court did not err in giving the affirmative charge for the defendants and that judgment is due to be affirmed. It is so ordered by the Court.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.