137 So.2d 743

UNITED STATES FIDELITY AND GUARANTY COMPANY

v.

John Henry BYRD.

2 Div. 420.

Supreme Court of Alabama.

Feb. 1, 1962.

John W. Drinkard, Linden, and Adams, Gillmore & Adams, Grove Hill, for appellant.

Lloyd & Dinning, Demopolis, for appellee.

SIMPSON, Justice.

Appellee John Henry Byrd recovered a judgment against Dave Davis, which judgment was rendered upon a complaint claiming damages of said defendant for negligent operation of an automobile truck. The United States Fidelity and Guaranty Company, appellant, is the Garnishee in the cause. Appellant was insurer under a policy of liability insurance issued to Dave Davis covering the truck which was being operated by him and in which John Henry Byrd was riding when he was injured. Appellant denied liability in this proceeding to Dave Davis and John Henry Byrd under the terms of the liability policy, claiming that at the time of the injury, John Henry Byrd was an employee of Dave Davis, and the injury arose out of and in the course of that employment, and thus was within the exclusionary clause of the policy hereinafter set out. The parties stipulated the issue to be whether John Henry Byrd was entitled to the benefits of the policy as a result of the judgment against Dave Davis.

No question is raised with respect to this as being a proper procedure. See Booker T. Washington Burial Ins. Co. v. Roberts, 228 Ala. 206, 153 So. 409.

The appellee made out a prima facie case by showing the judgment obtained against Dave Davis and the existence of the contract of insurance. Appellant sought to prove, which was its burden, that the policy provision excluded coverage to Dave Davis for the injury to appellee through cross-examination of appellee's witnesses. Appellant offered no witnesses, but rested its case and requested the general affirmative charge, which was denied. The jury found the issue in favor of appellee and awarded him a verdict and judgment was rendered accordingly. Appellant's motion for a new trial was overruled.

The policy of liability insurance is of the standard form providing under "Coverage A" for bodily injury liability. Under the heading of "Exclusions" the policy provides: "This policy does not apply: * * (d) under coverage A, to bodily injury to or sickness, disease or death of an employee of the Insured arising out of and in the course of (1) domestic employment of the Insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the Insured; * * *." Appellant was not within the purview of the workman's compensation law.

The appellant contends that the injuries to appellee arose out of and in the course of his employment in that Dave Davis was transporting John Henry Byrd from his place of employment to his home allegedly pursuant to a contract of employment, and therefore, such injuries are excluded from coverage under the above provisions of the policy. On this premise appellant seeks a reversal for the refusal of the trial court to (1) give the general affirmative charge and (2) to set aside the verdict of the jury as being contrary to the great weight of the evidence.

The evidence is that the employer Davis had for two months since the employment of appellee as a paperwood sawyer, each morning picked up appellee and another employee at their homes and transported both some five or six miles to where the work was being performed. Each day at the end of work the employer transported appellee and the other employee back home. Nothing was said about this transportation being a part of his contract of employment. It was not required of either employee that the transportation provided by the employer be accepted, for they could furnish themselves with transportation as did another employee.

The obvious intent of the exclusion contained in the policy is to limit the insurer's risk to injuries which are not within the purview of the workmen's compensation statutes.

The single issue to be determined here is whether the injury to appellee was as a matter of law or under the evidence one arising out of or in the course of the employment. If not, there was no error in refusing to give the general affirmative charge or to set aside the verdict as against the great weight of the evidence. More specifically, the issue to be determined in this case is whether the appellee, who was being transported from his work by his employer at the time he was injured, was at that time, an employee engaged in the insured's business within the exclusionary clause of the policy. The facts are determinative of this issue.

■ If the transportation in question was a part of the employment, as opposed to a convenience or gratuity furnished by the employer, the exclusionary clause is applicable. But if not, the injury did not "arise out of and in the course of" employment by the insured. B & H Passmore Metal & Roofing Co., Inc. v. New Amsterdam Casualty Co., 10 Cir., 147 F.2d 536; Farm Bureau Mut. Auto Ins. Co. v. Smoot, D.C., 95 F.Supp. 600; Commercial Casualty Ins. Co. v. Cherry, 190 Ark. 422, 79 S.W.2d 270.

■ Whether the transportation to and from work furnished by an employer to one in his employ is an incident of that employment is, when the evidence on the question is disputed, a question of fact dependent upon the particular circumstances of the case. 99 C.J.S. Workmen's Compensation § 235(b.), p. 840; cases, supra.

And, when the policy calls for an interpretation under the particular facts, a construction most favorable to the employee will be indulged. Cases ubi supra; Kansas case, infra.

■ An employee who, after completing his full day's work, was being transported

to his home in his employer's truck, as was customary, was held in Elliott v. Behner, 150 Kan. 876, 96 P.2d 852, not to be an employee within an exclusionary clause of the policy in question, the Court noting that the employee did not pay nor receive anything for transportation and was not required to ride in the truck, but merely permitted to do so. This seems to be the status of appellee here. Of necessity, the question was one of fact to be determined by the jury. Of consequence, we find no error in the court's submitting the question to the jury which found the issue in favor of appellee. Nor was the verdict against the great weight of the evidence, resulting that neither did error intervene in the order of the trial court denying the motion for new trial.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.