179 So.2d 277

Samuel R. RUMAGE et al.

v.

DRY DOCK SAVINGS BANK et al.

I Div. 98.

Supreme Court of Alabama.

Oct. 21, 1965.

Mayer W. Perloff, Mobile, for appellants.

J. Robt. Fleenor and White, Bradley, Arant, All & Rose, Birmingham, and Sydney R. Prince, III. and Inge, Twitty & Duffy, Mobile, for appellees.

528

LAWSON, Justice.

Appellees' application for rehearing is granted, the original opinion is withdrawn and the following opinion is adopted in lieu thereof.

On March 13, 1959, the complainants, Samuel R. and Sally Ann Rumage, executed their promissory note to Cobbs, Allen & Hall Mortgage Company, Inc., for fourteen thousand dollars, payable in monthly installments of eighty-four dollars, commencing on the first day of April, 1959, and on the first day of each month thereafter until the principal and interest are fully paid. On the same day a mortgage on real estate situated in Mobile County was executed to secure the payment of this note. On the same day, March 3, 1959, Cobbs, Allen & Hall assigned the mortgage and the debt thereby secured to Dry Dock Savings Bank, a corporation. Cobbs, Allen & Hall is the servicing contractor for Dry Dock Savings Bank.

The note and mortgage provide, in effect, that if the mortgagors failed to pay any part of the indebtedness as it matured, or failed to do or perform certain other acts required, the whole indebtedness should immediately become due and payable and the mortgage subject to foreclosure, at the option of the mortgagee, without notice. The note and mortgage also provides, in substance, that no failure of the mortgagee to exercise any option or to declare the maturity of the indebtedness should be taken or construed as a waiver of the right to exercise such option by reason of any past, present or subsequent default by the mortgagors.

Dry Dock Savings Bank, under a power granted in the mortgage, advertised for foreclosure on the ground of default in the payment of the indebtedness secured by the mortgage.

The present bill was filed by the mortgagors, Samuel R. and Sally Ann Rumage, against Dry Dock Savings Bank and Cobbs, Allen & Hall Mortgage Company to enjoin the sale and for an account. Cobbs, Allen & Hall answered the bill. Dry Dock Savings Bank filed its answer, which it made a cross bill, wherein it prayed:

"* * * that upon a final hearing hereof, this Court will make and enter a decree foreclosing said mortgage and directing the sale of the real estate therein described; that the amount of said indebtedness be ascertained and fixed by decree, both as to principal and interest and expenses of selling, including a reasonable attorney's fee for the services of respondent's solicitors herein and that the said Dry Dock Savings Bank have a decree for any deficiency after the sale of such property, if such there be. * * *"

The cause came on for a hearing before a Judge of the Circuit Court of Mobile County, in Equity, apparently before the cross-respondents had answered the cross bill. Following that hearing, where the testimony was taken ore tenus, the trial judge rendered a decree, which in pertinent parts reads:

"1. That the Complainants are not entitled to the relief prayed for in their bill of complaint; and

"2. That Complainants, Cross-Respondents, are justly and truly indebted to the Respondents, Cross-Complainants, in the amount of $13,246.46 as of November 1, 1961, with interest on said sum at 5¼% from November 1 to July 10, 1962; and

"3. That Complainants, Cross-Respondents, are justly and truly indebted to the Respondents, Cross-Complainants, for $1,250.00 which amount represents a reasonable fee to the attorneys for said Respondents and to which they are entitled for services rendered in this cause, which amount, however, does not include advertising costs and other expenses incidental to foreclosure of said mortgage as may have been incurred or may be incurred in the future; and

"4. That Respondent Dry Dock Savings Bank may proceed with foreclosure of said mortgage pursuant to the terms thereof in accordance with the powers of sale therein by publication of legal notice of said sale once a week for three successive weeks prior to said sale in some newspaper of general publication published in Mobile County.

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that the costs of this proceeding be taxed against the Complainants, for which execution may issue."

From that decree the complainants below have appealed to this court.

Aside from an insistence that the trial court erred in admitting certain records in evidence, the appellants assert reversible error was committed by the trial court in refusing to enjoin the foreclosure of the mortgage, in authorizing Dry Dock Savings Bank to proceed with the foreclosure of the mortgage and in decreeing that the appellants are indebted to the cross-complainant, Dry Dock Savings Bank, one of the appellees, in the sum of $1,250 as attorney's fees.

In regard to the insistence of appellants that the trial court erred in refusing to enjoin the foreclosure of the mortgage, the appellees say that the appellants were not entitled to have the mortgage foreclosure enjoined inasmuch as the evidence discloses that prior to the time appellants filed their bill they conveyed their equity of redemption to one Mrs. Ella Combs. Mrs. Rumage, one of the appellants, and Mrs. Combs both testified that the appellants conveyed their equity of redemption to Mrs. Combs in January of 1962 and the appellants did not file their bill until February of 1962. Mrs. Combs did not assume the debt of Mr. and Mrs. Rumage to Dry Dock

**530**

Savings Bank. The conveyance was made subject to the mortgage, according to our understanding of the record.

█ The rule of pleading in equity, as at law, is that the plaintiff must show an actual existing interest in the subject matter of the suit, giving him the right to sue concerning it. Rapier v. Gulf City Paper Co., 64 Ala. 330; McKinley v. Irvine, 13 Ala. 681.

██ We have said that, as a general rule, a mortgagor who has conveyed the equity of redemption to a third person cannot maintain a bill to redeem. Bowdoin v. T. S. Faulk & Co., 204 Ala. 280, 85 So. 503; Cardwell v. Virginia State Ins. Co., 186 Ala. 261, 65 So. 80. The reason for this rule is that the mortgagor has no remaining interest in the land and no privity of title therein. Cardwell v. Virginia State Ins. Co., supra. We think the same rule applies where the mortgagor seeks to enjoin the foreclosure of the mortgage after he has conveyed his equity of redemption.

In their bill the appellants averred that they were the owners of the suit property. But their own witnesses gave testimony to the effect that they had no interest in that property at the time the suit was filed. Hence, the trial court cannot be said to have erred in refusing to enjoin the foreclosure of a mortgage, at appellants' request, on property in which they had no interest. Rapier v. Gulf City Paper Co., supra; Cardwell v. Virginia State Ins. Co., supra. See Bond v. Oates, 204 Ala. 666, 87 So. 173.

██ A cause should be at issue when final decree is rendered but where, as here, the cross bill presented substantially what was already before the court in that the complainants offered to do equity and to pay the amount found to be due on the debt, and the trial proceeds by all persons made parties to the proceedings as if the cause were at regular issue, the failure to answer the cross bill will not work a reversal. Atkins v. Atkins, 253 Ala. 43, 42

So.2d 650; Collins v. Bay City Export Lumber Co., 260 Ala. 308, 70 So.2d 273; Moody v. Myers, 265 Ala. 435, 91 So.2d 686; Mitchell v. Williams, 264 Ala. 192, 86 So.2d 369.

██ Mrs. Ella Combs was not made a party respondent to the cross bill. She was a necessary party to the cross bill insofar as it sought foreclosure of the mortgage. Denson v. Birmingham Realty Co., 266 Ala. 503, 97 So.2d 887. But the trial court did not order a foreclosure of the mortgage but, in keeping with that part of its decree refusing to enjoin foreclosure, authorized Dry Docks Savings Bank to proceed with the foreclosure of the mortgage pursuant to the terms thereof and in accordance with the powers of sale contained therein. Hence we hold that the fact that Mrs. Ella Combs was not made a party respondent to the cross bill should not work a reversal of the decree of the trial court. See Hodge v. Joy, 207 Ala. 198, 92 So. 171; McCary v. McMorris, 265 Ala. 493, 92 So.2d 319.

█ The witness Julius Leverne Bragg laid a sufficient predicate for the admission of the payment records. He testified that he was the assistant treasurer of the mortgage services, Cobbs, Allen & Hall; that it was the regular course of business of the mortgage services to service and collect mortgage loans; that the payment records were kept in the regular course of business of the mortgage servicer; that although the entries in the payment records were made by machines in the bookkeeping department before they were brought to him, he was familiar with the records because of the delinquency of the mortgagors and delinquent payment records are turned over to him and kept under his supervision. This testimony was sufficient to admit the said payment records into evidence under the provisions of § 415, Title 7, Code 1940. Mitchell v. City of Mobile, 244 Ala. 442, 13 So.2d 664; Mahone v. Birmingham Electric Co., 261 Ala. 132, 73 So.2d 378; McElroy, The Law of Evidence in Alabama (2d Ed.), Vol. 2, § 254.01(3), p. 254.

■ It is urged that the court was in error in decreeing the payment of appellees' attorneys' fees. We agree. It is apparent that the trial court's decree as to attorneys' fees was based on the testimony of the one attorney who was called by appellees to prove a reasonable fee. And it is also apparent from a reading of that witness' testimony that the figure given by him was for services rendered in the defense of the bill to restrain the foreclosure of the mortgage. The mortgage did not provide for the payment of a fee for such purpose and, hence, the trial court erred in decreeing that the appellants pay an attorneys' fee to the appellees' attorneys. Seed v. Brown, 180 Ala. 8, 60 So. 98; Lampkin v. Irwin, 202 Ala. 14, 79 So. 300; Bell v. King, 210 Ala. 551, 98 So. 794; Thomas v. Barnes, 219 Ala. 652, 123 So. 18; Bishop v. Swift & Co., 234 Ala. 326, 174 So. 488. As we have shown above, the trial court did not order the mortgage foreclosed and we do not think the attorneys' fee which the trial court allowed was intended to cover the services of the attorneys already rendered or to be rendered in the future in connection with the foreclosure of the mortgage under the power of sale contained therein.

The trial court did decree that appellants were indebted to "Respondents, Cross-Complainants, in the amount of $13,246.46 as of November 1, 1961, with interest." The cross-respondent, Dry Dock Savings Bank, in its cross bill prayed "that the amount of said indebtedness be ascertained and fixed by decree, both as to principal and interest and expenses of selling, including a reasonable attorney's fee for the services of respondent's solicitors herein." The note contained the following provision: "The drawers and endorsers of this note * * * agree to pay all costs of collecting or securing or attempting to collect or to secure this note, *including a reasonable attorney's fee.*" (Emphasis supplied) But there was no effort made by cross-complainant to have the court award attorneys' fees for services rendered by its attorneys before or after suit was filed in an effort to collect the note. We quote the only question propounded by cross-complainant's attorney to the witness called to prove a reasonable fee:

"What, in your opinion, would be a reasonable fee in an equity case involving a—the defense of a bill in equity brought to permanently enjoin the mortgagee from foreclosing, in which the attorney performed the following services: researched the law, filed an answer to the bill of complaint, filed a motion to increase the amount of the temporary injunction bond, argued the motion successfully upon failure of Complainant to increase said bond, filed a motion to desolve [sic] the temporary injunction which was granted, filed a motion to strike the Complainant's demand for a jury and successfully argued same, filed written interrogatories to the Complainants, tried the case on its merits, and— all of which consuming 75 to 80 hours of the attorney's time. * * *"

■ In all other respects the decree is free from error prejudicial to appellants. We will here correct the decree by eliminating the attorneys' fee allowed by the court, viz., $1,250. Bishop v. Swift & Co., 234 Ala. 326, 174 So. 488.

Appellees' application for rehearing is granted. The original opinion is withdrawn and the decree of reversal is set aside and held for naught. Appellants will pay two thirds and appellees one third of the costs of appeal.

The decree of the circuit court is corrected and as corrected is affirmed.

Corrected and affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.