184 So.2d 837

**ALABAMA FARM BUREAU MUTUAL CAS-
UALTY INSURANCE COMPANY**

v.

**William L. HARRIS et al.**

**7 Div. 698.**

Supreme Court of Alabama.

March 31, 1966.

Clarence Simmons, Jr., and Barry N. McCrary, Gadsden, for appellant.

Hugh Reed, Jr., Centre, for appellees.

Arthur Burns and Robt. H. King, Gadsden, for intervenors.

MERRILL, Justice.

Appellees, William L. Harris and his wife, Hope, filed a bill for declaratory judgment in equity to determine whether the appellant insurance company was under a duty to defend five law suits filed against them. The trial court held that the insurance company was due to defend the suits and this appeal followed.

On Thursday, September 20, 1962, Mrs. Harris was driving their Chevrolet pickup truck, which was covered by appellant's automobile family protection policy and the policy was in force at that time. Riding with Mrs. Harris were four people who had been picking cotton for the Harris that day. These people were injured in an accident, and later on, they filed suits against appellees, and the husband of one of the cotton pickers also filed suit for loss of services of his wife. The five plaintiffs were Corene Richardson, Alfonzo Dozier, Jr., Elaine Dozier, Mary Miller and John Miller, hereinafter referred to as the intervenors. Each of the suits by the intervenors alleged that the injured cotton pickers were being transported from work in accordance with a contract of employment with the appellees.

After the accident, Harris reported it to appellant and it was investigated. After the suits were filed, appellant notified appellees that it owed them no duty to defend and it was denying coverage under the basis of exclusion of the policy which reads: "This insurance does not apply under: (e) coverage A, to bodily injury of any employee of the insured arising out of and in the course of the insured's employment, except domestic and not then if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law." It was appellant's position that the intervenors' injuries arose "out of and in the course of" their employment.

The suits of the intervenors were filed in the period between June and September, 1963. When appellant refused to defend, this action was brought on October 24, 1963. The five plaintiffs sought to intervene and the court allowed the intervention on June 24, 1964. The cause was heard on April 2, 1965, and the court held that appellant had the duty to defend the suits and allowed an attorney's fee of $1,450 for the services of appellees' attorney in the cause. No point is raised as to the attorney's fee on this appeal.

The trial court found "from the testimony that the transportation of the Intervenors on the insured's vehicle, even if it may be conceded that Intervenors were then employees of Complainants, was not incident or part of their employment, but such transportation was supplied by Complainants as a convenience or gratuity, and therefore concludes from the testimony in this case that the exclusionary clause (e) set forth in the policy is not applicable."

Appellant's first position is that there is nothing in appellees' pleading which puts it on notice that the suits of the intervenors are based on anything other than the fact that they were employees of appellees and that they were being transported in accordance with their contract of

employment, and were, therefore, excluded under exclusion (e) of the policy.

It is true that the original suits were so based, and copies of the complaints were sent to appellant. But the suits were amended to show that the intervenors based their suits on the fact that they were passengers in the pickup truck. And in June and July, 1964, in their petitions to intervene, the intervenors denied that they were employees of appellees, and stated that "the said bodily injuries did not arise out of and in the course of their employment." When the cause came on to be heard, the entire court file of each of the suits was introduced in evidence and the amended complaints were before the court.

There is more than one reason why we cannot agree with appellant's position, but we confine ourselves to only one. This court recently said in a case where a similar contention was made: "We are of opinion that in deciding whether a complaint alleges such injury, the court is not limited to the bare allegations of the complaint in the action against insured but may also look to facts which may be proved by admissible evidence in a suit for declaratory relief such as the instant case." Pacific Indemnity Co. v. Run-A-Ford Co., 276 Ala. 311, 161 So.2d 789. The files in the various suits were admissible and they show that the posture of the suits at present are suits as passengers.

■ Appellant's other position is that the intervenors were employees and part of their employment was the contract of appellees to transport them to and from work. If this contention be correct, the exclusionary clause in the policy is applicable. United States Fidelity and Guaranty Co. v. Byrd, 273 Ala. 207, 137 So.2d 743; Jett v. Turner, 215 Ala. 352, 110 So. 702.

There was evidence tending to show that appellees had had about thirty people picking cotton for them since Monday of the week that the accident occurred on Thursday. Most of the thirty employees furnished their own transportation. Appellees hauled those who requested it. The employees were under no obligation to accept the offer of transportation. Employment was on a day to day basis, and when the cotton was weighed up at the end of the day, the employment ceased. They were paid $2.50 per hundred pounds. At the end of the day, appellees were notified by those who desired rides the next day. There was no agreement that transportation was to be a part of the contract of employment. The workers who accepted transportation paid nothing for it, and all workers received the same rate of pay, $2.50 per hundred pounds, regardless of how they arrived or left the field.

In the *Byrd* case, 273 Ala. 207, 137 So. 2d 743, we held that where the employer picked up two of his employees at their homes and drove five or six miles to work and brought them back home at the end of the day, but transportation was not required, was not a part of the contract of employment, and they could furnish their own transportation as did another employee, such transportation was a convenience or gratuity furnished by the employer, and the employees were not within an exclusionary clause similar to the one in the instant case.

We also held that whether the transportation to and from work furnished by an employer to one in his employ is an incident of that employment is, when the evidence on the questions is disputed, a question of fact dependent upon the particular circumstances of the case.

The trial court, after hearing the evidence, found that the transportation of the intervenors was not incident to their employment, but was supplied by appellees as a convenience or gratuity. The evidence we have outlined supports this finding. We cannot say that the finding is plainly erroneous or manifestly unjust.

Under the authority of the *Byrd* case, 273 Ala. 207, 137 So.2d 743, and cases

therein cited, the decree of the trial court should be affirmed.

Appellees have argued that appellant's brief should not be considered since it adopted the argument used in assignment five in support of another assignment of error. This argument is without merit because we have held that this is permissible. Accident Indemnity Ins. Co. v. Feely, ante p. 74, 181 So.2d 889[1].

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.