265 So.2d 441

J. H. LITTLE

v.

Robert HUNTER et al.

I Div. 686.

Supreme Court of Alabama.

July 20, 1972.

---

Joe H. Little, Jr., Mobile, for appellant.

Sydney R. Prince, III, Mobile, for appellees.

PER CURIAM.

This is an appeal from a final decree of the Circuit Court of Mobile County, in Equity, which upheld the validity of restrictive covenants in a deed which appellees,

Robert Hunter and wife, Gertrude, executed on September 12, 1957, purporting to convey to Dr. J. H. Little, the appellant, real property situated in Mobile County, described as follows:

"Lots 1 and 2 of the Second Unit of Sierra Bonita, according to a plat thereof recorded in Map Book 6, page 317 et seq., of the Probate Court Records of Mobile County, Alabama."

The restrictive covenants of which the appellant, Dr. Little, the grantee in the deed, complains are in the habendum clause and read:

"3. The two lots herein conveyed shall be used together as one lot for one residence only and the grantee, his heirs and assigns, hereby covenant that they will not divide or subdivide said property or convey any part of said property separately and apart from the balance."

At the time the aforementioned deed was executed, the lots described therein were subject to restrictive covenants contained in an instrument executed by a previous owner, Gulf Realty & Insurance Company, a corporation, dated June 18, 1954, which instrument was properly recorded in the Probate Court of Mobile County on June 22, 1954.

The opening paragraphs of the last-mentioned instrument read:

"WHEREAS, Gulf Realty & Insurance Company, a corporation, is the owner of all that certain real property known as the Second Unit of Sierra Bonita, a subdivision according to a plat thereof prepared by Norden Engineering Company, dated May 7, 1954, and recorded in the Probate Court Records of Mobile County, Alabama, and

"WHEREAS, it desires to place on the property in said subdivision certain protective and restrictive covenants regarding the use of said property:—

"NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that Gulf Realty & Insurance Company, a corporation, does hereby agree with all the purchasers and future owners of the lots located in said Second Unit of Sierra Bonita that the following protective and restrictive covenants regarding the use of said property shall apply in said subdivision, viz:—"

It is provided in Gulf's first restrictive covenant that all lots in the subdivision shall be known as residential lots on which there could be built only a detached single-family dwelling, not to exceed two stories in height, and a private garage for not more than two cars, servants quarters and appropriate outbuildings. In Gulf's second restrictive covenant it is provided, among other things, that: "No main dwelling shall be located on any lot nearer than ten feet to any interior lot line, except as to the West line of Lots 2 and 5 of said subdivision and no building shall be located nearer than thirty (30) feet to the West lot line of said lots."

Gulf's restrictive covenants 11 and 13 read:

"11. These covenants are to run with the land and shall be binding on all parties and all persons owning any lots or interest in said subdivision for a period of twenty-five years from date, at which time said covenant shall be automatically extended for successive periods of ten years unless by a vote of the record owners of two-thirds (⅔) or more of the land in said subdivision it is agreed to change or amend said covenants in whole or in part.

\*    \*    \*    \*    \*    \*

"13. Any or all of the restrictions herein may be annulled, amended or modified at any time by an instrument executed by the record owners of two-thirds (⅔) or more of the land in said subdivision, provided, however, that no amendment shall place an additional burden or restriction on lots in said subdivision which bind any lot, the owner of which does not join in said amendment."

In Gulf's restrictive covenant 12 it is provided, *inter alia*: ". . . any owners of any property in said subdivision shall .have the right to enforce any of the foregoing restrictions against any person violating the same by appropriate proceedings in a court of competent jurisdiction."

The subdivision in question is small, containing only five lots, numbered 1, 2, 3, 5 and 6. It adjoins Azalea Road on the west and the only street which can be used to reach all of the lots is a cul-de-sac called Byronell Court, which runs in a westerly direction from Azalea Road into but not through the subdivision. It ends in a "turn-around" at the eastern boundary of Lot 3. Lots 1 and 2 are on the north side of Byronell Court and Lots 5 and 6 are on the south side. Lots 2 and 5 adjoin Lot 3 on the east. Lot 1 adjoins Lot 2 on the east and Lot 6 adjoins Lot 5 on the east.

In 1956 or prior thereto, Dr. William J. Atkinson, Jr., bought Lot 3, which is much the largest of the five lots. During that year he purchased Lots 1 and 2 from Bernard Adair and Lot 5 from C. A. Brown. Actually, the title to Lots 1 and 2 was taken in the name of Dr. Atkinson's brother-in-law and sister, Robert and Gertrude Atkinson Hunter, but at all times it was understood by the Hunters and Dr. Atkinson that the latter was the owner of those two lots, with the right to do with them as he pleased.

Sometime prior to July, 1957, after Dr. Atkinson had purchased Lots 1 and 2 through the Hunters, he and Dr. Little discussed the matter of Dr. Little purchasing those lots from Dr. Atkinson. As a result of that discussion, Dr. Atkinson's attorney prepared a written agreement or offer to purchase the two lots for Dr. Little to execute. Dr. Little executed said instrument in July, 1957. Dr. Atkinson affixed his signature to the instrument as seller. The "offer" was accepted "on the terms and conditions outlined therein," which read, in part, as follows:

"It is particularly understood that:

"(a) Restrictive covenants contained in instrument executed by Gulf Realty & Insurance Company, dated June 18, 1954, and recorded in Deed Book 602, Page 322, in the Probate Court Records of Mobile County, Alabama.

"(b) Easement for installation and maintenance of electric power. as reserved in said restrictive covenants

"(c) These two lots are to be used together for one residence and cannot be sold or used separately as two separate lots."

Thereafter on September 12, 1957, Robert Hunter and wife, acting on behalf of Dr. Atkinson, executed the deed involved in this litigation. That deed, omitting caption, description, acknowledgement and recording data, reads:

"KNOW ALL MEN BY THESE PRESENTS, that we Robert Hunter and Gertrude A. Hunter, husband and wife, for and in consideration of One Dollar and other valuable consideration in hand paid to us the receipt whereof is hereby acknowledged, we hereby grant, bargain, sell and convey unto J. H. Little, M. D., all that real property situated in the County of Mobile, State of Alabama, described as follows, viz:

\*    \*    \*    \*    \*    \*

"TOGETHER WITH ALL AND SINGULAR the rights, members, privileges and appurtenances thereunto belonging or in anywise appertaining:

"TO HAVE AND TO HOLD said property unto the said grantee, his heirs and assigns forever, subject however, to the following restrictions:

"1. Restrictive covenants contained in instrument executed by Gulf Realty & Insurance Company, dated June 18, 1954, and recorded in Deed Book 602, page 322, in the Probate Court Records of Mobile County, Alabama.

"2. Easement for installation and maintenance of electric power as reserved in said restrictive covenants.

"3. The two lots herein coveyed shall be used together as one lot for one residence only and the grantee, his heirs and assigns, hereby covenant that they will not divide or subdivide said property or convey any part of said property separately and apart from the balance.

"And, except as to the foregoing restrictions and all taxes hereafter falling due, the said Grantors for themselves, their heirs, executors and administrators hereby covenant with the Grantee, his heirs and assigns, that they are seized of an indefeasible estate in fee simple in said property, that said property is free and clear of all encumbrances, and that they do hereby warrant and will forever defend the title to said property unto the Grantee, his heirs and assigns, against the lawful claims of all persons.

"IN WITNESS WHEREOF, the Grantors have hereunto set their hands and seals this 12th day of September, 1957."

Dr. Little made no effort to construct a dwelling on Lots 1 and 2 or on either of them. He gave some thought to selling the two lots, but the proposed sale was not consummated because of the provisions of restrictive covenant 3, which is sometimes referred to as the third paragraph in the habendum clause in the deed, when considered in connection with the Gulf Realty restrictions as to the proximity to the interior lot lines to which a dwelling might be constructed. Thereafter, Dr. Little sought to give Lot 1 to one of his children and Lot 2 to another, but was advised by Dr. Atkinson that such gifts would run counter to restrictive covenant 3 of the deed in question.

Dr. Little then filed his bill in this case, which we construe to be a bill for declaratory relief, wherein he sought to have the court declare restrictive covenant 3 in his deed to be invalid or in the alternative, declare that said restriction is "personal as to the Respondents and your Complainant; that the restrictions do not run with the land; and that said restrictions would not be binding upon subsequent grantees of the property or any single lot thereof."

Complainant based his right to the relief for which he prayed, in part, on the allegation or assertion that the restrictive covenants in paragraph 3 of the habendum clause in his deed are invalid and have no effect in that they are repugnant to and inconsistent with the granting clause of said deed, which purports to convey two separate and distinct subdivision lots in fee simple, without reservations, limitations, exceptions or restrictions, while the restrictive covenants in paragraph 3 of the habendum clause attempt to limit and restrict complainant's use and enjoyment of his property. Complainant further alleged that the restrictive covenants in paragraph 3 of the habendum clause are repugnant to the restrictive and protective covenants on the subdivision fixed by Gulf Realty & Insurance Company in that they impose an inequitable and unconscionable burden on the subject property for the sole benefit of the grantors personally; and that complainant had requested the respondents to release said restrictions but that they had failed or refused to do so.

Complainant alleged that he had contended that the said restrictive covenants are invalid, while the respondents take the position that they are valid and binding, and that consequently a justiciable controversy is presented. The complainant further alleged that the subject land had not been developed or sold because of the restrictive covenants in paragraph 3 of the habendum clause of the deed in question.

Aside from the prayers for specific relief as heretofore enumerated, there was a prayer for general relief.

After their demurrers were overruled, the respondents filed an answer and cross bill to the bill of complaint, wherein they

alleged that there was no repugnancy between the granting clause of the deed and the habendum clause of the deed and that there was no repugnancy between the habendum clause and the restrictive and protective covenants placed on the subdivision by Gulf Realty & Insurance Company.

The respondents further alleged in their answer-cross bill that the true intent of the parties to the deed in question was that the complainant, Dr. Little, build one single residence on the property conveyed and they averred that if there are any provisions in the restrictive covenants imposed upon the property by Gulf Realty & Insurance Company that would prevent the consummation of the intention of the parties, the respondents stood ready to waive such provisions.

The respondents further alleged that they refuse to release the complainant from the restrictive convenants in paragraph 3 of the habendum clause and that the true intention of the parties is clearly defined by the provisions of that paragraph of the habendum clause.

Finally, the respondents ask the court to enjoin the complainant, his agents, servants or employees, their heirs and successors and assigns, from subdividing or conveying any part of said property conveyed in said warranty deed separate and apart from the balance and to declare the restrictive covenants in paragraph 3 of the habendum clause of said deed valid.

There was no answer interposed to the cross bill.

Testimony in the case was taken orally before the trial court. At the conclusion of the trial the court took the matter under submission and on March 23, 1971, entered a judgment wherein it was ordered, adjudged and decreed as follows:

"1. The provisions set forth in paragraph two of said restrictive covenants providing that no main dwelling be located on any lot nearer than ten feet to any interior lot line does not apply to the present property and said complainant, his heirs and assigns, are not bound by said restrictions and may build a main dwelling on a central location on said property.

"2. The restrictions set forth in paragraph three in the habendum clause of said deed are valid and binding restrictions and shall run with the land and be binding upon the Complainant, his heirs and assigns, and all subsequent grantees of the property and said Complainant, his heirs and assigns, are enjoined from subdividing or conveying any of said property separate and apart from the balance of said property.

*  *  *  *  *  * "

The complainant filed a motion for a rehearing, which was denied. Thereafter an appeal was taken to this court from the final decree rendered on March 23, 1971, and from the decree of May 14, 1971, overruling complainant's application for a rehearing.

There are six assignments of error.

Assignment of Error 3 is not adequately argued. The only reference to that assignment in appellant's brief is no more than an exact repetition of the assignment. Supreme Court Rule 9; McClendon et al. v. State, 278 Ala. 678, 180 So.2d 273; Bertolla & Sons v. Kaiser, 267 Ala. 435, 103 So.2d 736; Clark v. Clark, 287 Ala. 42, 247 So.2d 361; Hodge v. Rambow, 155 Ala. 175, 45 So. 678.

Assignment of Error 6 reads: "The Court erred in entering its order dated May 14, 1971, overruling Appellant's (Complainant's) Motion For A Rehearing." Equity Rule 62 provides in part: ". . . No appeal will lie from such order [on rehearing] unless it modifies the decree. . . ." This court has consistently held that a decree simply denying an application for rehearing in equity will not support an appeal and that such a decree is not subject to review on assignments of error made on appeal from the final decree.

Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422; Oliver v. Dudley, 267 Ala. 87, 100 So.2d 327; Sylvester v. Strickland, 278 Ala. 278, 177 So.2d 905; Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797.

Assignment of Error 5 reads: "The Court erred in entering its Final Decree, dated March 23, 1971, in favor of the Respondents, ROBERT and GERTRUDE HUNTER, husband and wife, and against the Complainant."

The argument made in appellant's brief in support of Assignment 5 consists of two paragraphs, the first of which is in the exact language of the assignment of error. The other paragraph reads:

"The foregoing arguments or the other assignments of error are equally applicable to Assignment No. 5 and hence are not repeated here but are adopted by reference in support of this assignment."

This practice has been approved. Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447; Accident Indemnity Ins. Co. v. Feely, 279 Ala. 74, 181 So.2d 889; Alabama Farm Bureau Mutual Casualty Ins. Co. v. Harris, 279 Ala. 326, 184 So.2d 837.

The argument made in support of Assignment 1, when considered in connection with Assignment 5, is to the effect that the trial court erred in not invalidating the restrictive covenants contained in paragraph 3 of the habendum clause because they are in conflict with the granting clause, which conveys to appellant, Dr. Little, a fee simple estate.

In Graves v. Wheeler, 180 Ala. 412, 416, 61 So. 341, 343, Mr. Justice Anderson, writing for the court, observed:

"One of the rules of construction is that the granting clause in a deed prevails over introductory statements in conflict therewith, and over the habendum also, if that clause is contradictory of, or repugnant to, said granting clause. Head v. Hunnicutt, 172 Ala. 48, 55 So.

161; Webb v. Webb, 29 Ala. 588. Therefore, when the granting clause provides for a certain or specific estate, and the character or nature of said estate is changed or lessened by some interlocutory clause, or by the habendum, there would be a conflict or repugnancy, and the granting clause should prevail.

"'Where an estate in fee simple is granted to a person, by proper and sufficient words, a clause in the deed which is in restraint of alienation is void and will be rejected.' Hill v. Gray, 160 Ala. 273, 49 So. 676."

Several cases which hold to like effect are cited in Henry v. White, 257 Ala. 549, 60 So.2d 149, which in turn was approvingly quoted from in the recent case of Willis v. James et al., 287 Ala. 653, 254 So.2d 717. See Hardee v. Hardee, 265 Ala. 669, 93 So.2d 127.

But the rules of construction referred to above can have no application here because the granting clause in the deed of instant concern does not contain words of inheritance or other words sufficient to show the granting of a fee simple or of any other certain or specific estate. Hardee v. Hardee, *supra;* Henry v. White, *supra;* Wright v. Smith, 257 Ala. 665, 60 So.2d 688; Willis v. James et al., *supra;* Graves v. Wheeler, *supra.* In Hardee v. Hardee, *supra,* we overruled the holding in Green et al. v. Jones et al., 257 Ala. 683, 60 So.2d 857, to the effect that the granting clause in the deed under consideration in that case conveyed a fee simple estate, saying:

"The granting clause in the deed involved in Green v. Jones, supra, did not contain words of inheritance or other words sufficient to show the granting of any certain or specific estate. Hence we were in error in saying, 'The granting clause in the deed in question purports to convey the entire title to the grantee Jones, * * *' and in holding that the granting clause prevailed. That holding in Green v. Jones, supra [257 Ala. 683, 60 So.2d 858], cannot be approved or

followed. Graves v. Wheeler, supra; Henry v. White, supra." (265 Ala. 674, 93 So.2d 131)

We hold, therefore, that there is no merit in Assignment of Error 5 when considered in connection with Assignment of Error 1, which reads: "The Court erred in failing to find, from the evidence presented at the trial, a conflict or a repugnancy between the granting clause and the habendum clause in the subject deed."

No other clause in the subject deed indicates the nature and character of the estate conveyed except as to the limitations spelled out in the habendum clause. Hence, we think there is a field of operation for the provisions of § 14, Title 47, Code 1940, which reads: "Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended." In other words, the deed conveys a fee simple estate by implication of law, subject to the limitations expressed in the habendum clause. Ward v. Torian, 216 Ala. 288, 112 So. 815. In the case last cited it was said:

"Where the granting clause conveys a fee-simple estate, not in express terms but by implication of law merely, as in this deed, a limitation on the estate granted may be effectively declared in the habendum or any other part of the deed. In such a case there is no conflict between the grant and the limitation . . . ." (216 Ala., 289, 112 So., 816)

When Assignments 2 and 5 are considered together, the appellant, Dr. Little, contends that the trial court erred in entering its final decree in that it failed "to find, from the evidence presented at the trial, that the restrictions set forth in paragraph three (3) of the habendum clause of the subject deed were personal to the Grantors and did not run with the land."

In the recent case of Allen v. Axford, 285 Ala. 251, 258, 231 So.2d 122, we said:

"The paramount factor in determining whether a covenant is one running with the land is the intent of the parties. White v. Harrison, 202 Ala. 623, 81 So. 565; Webb v. Jones, 163 Ala. 637, 50 So. 887. In determining this a court first looks to the instrument, and if this intent be not clear from the face of the instrument, the court will look to surrounding circumstances. Water Works and Sanitary Sewer Board of City of Montgomery v. Campbell, 267 Ala. 561, 103 So.2d 165; Moseby v. Roche, 233 Ala. 280, 171 So. 351; Morris & Morris v. Tuskaloosa Mfg. Co., 83 Ala. 565, 3 So. 689.

"In McMahon v. Williams, 79 Ala. 288, it is stated:

" 'One of the most practical tests, supported by common sense and common business experience, is, whether the restriction imposed by the grantor or proprietor upon the granted premises would naturally operate to enhance the value of his adjacent premises, whether retained by him or conveyed to another. If this be so, it is a strong circumstance to indicate that the restriction was not intended for the mere personal benefit of the grantor, but as a permanent servitude beneficial to the owner of the land, whoever he may be, and appendant to the premises.'

"In Webb v. Jones, supra, the observation is made that:

"If the provision was reserved for the benefit of the adjacent land retained, and not merely for personal advantage, covenants are said to touch and concern. (the land)

"A restriction having attached and become appendant to the land, it runs with the land automatically whether such words as 'heirs and assigns,' 'perpetual,' 'running with the land,' be used or not used."

The facts and circumstances leading up to the acquisition of Lots 1, 2 and 5 by Dr. Atkinson after he had acquired Lot

3 dictates the conclusion that the restrictive covenants placed in paragraph 3 of the habendum clause of the deed in question were not intended for the mere personal benefit of the grantor, but as a permanent servitude beneficial to the owner of the land, whoever it might be.

True, an expert witness called by the appellant expressed the opinion that the restrictive covenants in paragraph 3 of the habendum clause did not operate to increase or enhance the value of Lot 3. But Dr. Atkinson's testimony was to the contrary and the trial court, who saw and heard the witnesses' testimony, was better positioned than is this court to decide this factual question. Certainly this court cannot say that a finding that the said restrictive covenants enhanced the value of Lot 3 is palpably erroneous. Coleman v. Estes, 281 Ala. 234, 201 So.2d 391; Allen v. Axford, *supra*.

We hold that there is no merit in Assignments of Error 2 and 5 when considered together or in Assignment 2 if considered separately.

Assignment of Error 4 reads:

"The Court erred in failing to find, from the evidence presented at the trial, that the original purpose for which the said restriction was intended had come to an end and was of no use to the said tract of land, and would in fact impose a hardship on the development of the land."

There is no merit in this assignment considered separately or in conjunction with Assignment 5. In this connection the trial court found:

"That the neighborhood where said property is located has not changed in character since said conveyance so as to render the restrictions set forth in paragraph three of the habendum clause of said warranty deed unreasonable or discriminatory."

The evidence overwhelmingly supports that finding. But a contrary finding would not have justified a holding that the restrictive covenants in paragraph 3 of the habendum clause are unenforceable. That issue was not presented by the stating part of the bill or cross bill. Prayers for general relief do not operate to authorize an equity court to grant relief which could be granted under a special prayer except for the lack of averments. Mid-State Homes, Inc., v. Ledford et al., 284 Ala. 613, 227 So.2d 126; Dees v. Dees, 285 Ala. 597, 235 So.2d 236.

Having concluded our treatment of the assignments of error and finding no merit in any of them, we entertain the view that we should point out that the correctness of the holding relative to the interior lot line restrictions not applying to Lots 1 and 2 or to Dr. Little, his heirs and assigns, has not been challenged on this appeal and we have not written to that question. Nor have we written to other attacks made on the decree in appellant's brief on grounds not asserted in the pleadings in the trial court or by appropriate assignments of error.

We also call attention to the fact that the relief granted under the cross bill has not been challenged on the ground that the affirmative relief sought by the cross bill was not at issue for want of an answer to the cross bill or a decree pro confesso. Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650, and cases cited; Thomas v. Barnes, 219 Ala. 652, 123 So. 18. In Land v. Craig, 271 Ala. 580, 583, 126 So.2d 221, 224, we said:

"The decree appealed from is irregular because the cause was submitted for final decree without answer to the cross bills or decrees pro confesso. But the decree is not void. Answer and decree pro confesso may be waived."

See Rumage v. Dry Dock Savings Bank, 278 Ala. 526, 179 So.2d 277; United States Finance Co. v. Jones et ux., 288 Ala. 238, 259 So.2d 264.

The decree of the trial court is affirmed.

**16**

The foregoing opinion was prepared by Thomas S. Lawson, Supernumerary Associate Justice, and adopted by the Court as its opinion.

Affirmed.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD and MADDOX, JJ., concur.